United States District Court
Southern District of Texas
FILED

AUG 20 2004

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| The CopyLady, LLC and Pamela Sue Gardiner,<br><br>　　Plaintiffs,<br><br>v.<br><br>CopyLady, Inc. and Cynthia A. Duff,<br><br>　　Defendants. | §§§§§§§§§§§ Civil Action No. **B-04-148** |

# COMPLAINT

The CopyLady, LLC and Pamela Sue Gardiner (hereinafter "Plaintiffs"), for their complaint herein against CopyLady, Inc. and Cynthia A. Duff (hereinafter "Defendants"), state the following:

## JURISDICTION AND VENUE

1. This is an action for false designation of origin and unfair competition pursuant to Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a). This Court has jurisdiction under 15 U.S.C. § 1121, 15 U.S.C. § 1125(a), and 28 U.S.C. § 1338(a).

2. This Court also has jurisdiction of the action under 28 U.S.C. § 1332, as there is diversity of citizenship between the parties and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and cost. Venue is proper in this District under 28 U.S.C. § 1391.

3. This claim also arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, authorizing a declaratory judgment in controversies between the parties.

## PARTIES

4. Plaintiff, The CopyLady, LLC, is a limited liability company organized and existing under the laws of the State of Texas, with its principal place of business in Brownsville, Texas.

5. Plaintiff, Pamela Sue Gardiner, is an individual residing at 255 Sagua LaGrande Avenue, Brownsville, Texas 78526.

6. Defendant, CopyLady, Inc., is a corporation organized and existing under the laws of the State of Florida, with its principal place of business at 11533 Charlies Terrace, Fort Myers, Florida 33907. CopyLady, Inc. may be served by serving its registered agent, Cynthia A. Duff, at 11533 Charlies Terrace, Fort Myers, Florida 33907.

7. Defendant, Cynthia A. Duff, is an individual residing in Florida. Cynthia A. Duff may be served by serving her at her business address of 11533 Charlies Terrace, Fort Myers, Florida 33907.

## FACTS

8. Pamela Sue Gardiner (hereinafter "Gardiner") has been working in the copying industry for over twenty-eight years. During that twenty-eight years of service, she became known by her customers as providing good, reliable, high quality copying services. As a

result of the good, reliable, high quality services, Gardiner has developed considerable goodwill in the industry.

9. From almost the beginning twenty-eight years ago, customers referred to Gardiner as "the copy lady," initially on an informal basis and later on a more formal basis. Many of the customers did not know her name, but simply referred to her as "The CopyLady."

10. As time passed, Gardiner formalized the informal use of "The CopyLady" by having business cards printed that referred to herself as "The CopyLady."

11. As early as 1997, Gardiner has had the email address of copylady@aol.com, which email address has been used continuously by Gardiner to the present date. The email address is used for the copying services provided by Gardiner and has continuously been used since 1997 to the present date by Gardiner.

12. On September 29, 2002, Gardiner incorporated her business in the State of Texas as The CopyLady, L.L.C. From that time forward, Gardiner has operated her copying service business under The CopyLady, L.L.C. Copying services have continuously been offered under the mark "The CopyLady," first by Gardiner and later by her company, The CopyLady, L.L.C. As a result of the long continuous use of "The CopyLady" by Plaintiffs for copying services, considerable goodwill has built up in the name and mark "The CopyLady," all of which inure to the benefit of the Plaintiffs. As a result of the long continuous use of The CopyLady by Plaintiffs for copying services, secondary meaning in the mark has been established.

13. As a result of the long continuous use by Plaintiffs of The CopyLady, members of the consuming public have come to recognize The CopyLady as a mark

indicating the copying services of Plaintiffs.

14.     On July 26, 2004, Plaintiffs received a cease and desist letter from Defendants demanding that Plaintiffs cease and desist using the name and mark The CopyLady (see Exhibit A). The letter alleged that Defendants started using COPYLADY in 1997, decades after Plaintiffs.

15.     According to the website of www.copylady.com for Defendants, Defendants started using the name CopyLady in 2002, decades after Plaintiffs' first use.

16.     On July 17, 2004, Defendants filed Application Serial No. 78/436,937, in the U.S. Patent and Trademark Office, to register "CopyLady" for the following services:

> Rental, leasing, maintenance, repair, retail and wholesale distributorship of automated office equipment, namely, photocopiers, full color photocopiers, typewriters, microfiche duplicators, erasable writing boards with photocopy capability, micrographic equipment, electronic messaging systems, multifunctional and multitasking office machines which serve as facsimile machines, copiers, printers, modems and scanners, network products, computer programs and software.
> (See Exhibit B.)

17.     Based upon information and belief, Defendants are providing services as described in the cease and desist letter (Exhibit A) and the service mark application (Exhibit B) under the mark CopyLady. Such use by Defendants is confusingly similar to the same services long previously offered by Plaintiffs under the same mark The CopyLady.

18.     Further, Defendants are offering the services throughout the United States under their domain name of www.copylady.com, and offers or provides those services throughout the United States, including in the Southern District of Texas.

19.     Plaintiffs, through the use of their email address of copylady@aol.com, also

offer their copying services under The CopyLady throughout the United States, including in Fort Myers, Florida.

20. Plaintiffs, being the long prior users of The CopyLady have superior rights to those of Defendants, the junior user to use CopyLady for the same services.

21. Based upon information and belief, Plaintiffs' and Defendants' services are similar and move through similar channels of trade to similar classes of customers.

22. Defendants' name and mark "CopyLady" is so similar to Plaintiffs' name and mark The CopyLady as to be likely to cause confusion, mistake or deception as to the source of origin of Defendants' services, in that the public is likely to believe Defendants' services are provided by, sponsored by, approved by or affiliated with Plaintiffs. Such confusion results in irreparable harm to Plaintiffs.

23. Based upon information and belief, Defendant Duff owns and controls the actions of Defendant CopyLady, Inc., including directing the acts complained of herein.

## COUNT I
## FALSE DESIGNATION OF ORIGIN

24. Plaintiffs repeat and reallege the allegations in paragraphs 1-23 hereinabove.

25. The use by Defendants of "CopyLady" in conjunction with the providing of copying services constitutes a false designation of origin and is likely to deceive customers and prospective customers into believing those services are affiliated with Plaintiffs and, as a consequence, is likely to divert customers away from Plaintiffs.

26. Plaintiffs have been and are being damaged by such false designation of origin by Defendants and have no adequate remedy at law.

27. Defendants' unlawful conduct will continue to damage Plaintiffs unless

enjoined by this Court.

## COUNT II
## COMMON LAW TRADEMARK INFRINGEMENT

28. Plaintiffs repeat and reallege the allegations in paragraphs 1-27 hereinabove.

29. Plaintiffs enjoy and own common law trademark rights in connection with their name and mark The CopyLady, to identify in the State of Texas and throughout the United States, copying services being provided thereunder. Such copying services are of superior quality and have become associated with those offered by Plaintiffs.

30. The offering of copying services by Defendants under the mark "CopyLady," in the State of Florida and throughout the United States, is likely to cause and has caused confusion as to the source of origin of the services in that purchasers of the services are likely to associate or have associated such services as originating with Plaintiffs, all to the detriment of Plaintiffs.

31. Defendants' acts of infringement will continue unless enjoined by this Court.

## COUNT III
## UNFAIR COMPETITION

32. Plaintiffs repeat and reallege the allegations in paragraphs 1-31 hereinabove.

33. The acts of Defendants constitute unfair competition with Plaintiffs by creating confusion in the minds of the purchasing public. As a result of the confusion, Defendants have been unjust enriched, all to the detriment and damage of Plaintiffs.

34. Such acts of unfair competition will continue unless enjoined by this Court.

## COUNT IV
## DILUTION

35. Plaintiffs repeat and reallege the allegations in paragraphs 1-34 hereinabove.

36. Plaintiffs have built up rights in their name and mark throughout the State of

Texas and the United States. The acts of Defendants complained of hereinabove constitute trademark dilution under the Tex. Bus. & Comm. Code, Section 16.28.

37. Such acts of dilution by Defendants has resulted in unjust enrichment to Defendants and damage to Plaintiffs and will continue unless enjoined by this Court.

## COUNT V
## DECLARATORY JUDGMENT

38. Plaintiffs repeat and reallege the allegations in paragraphs 1-37 hereinabove.

39. This count for declaratory judgment is being asserted in the alternative.

40. Defendants have asserted that Defendants have superior rights to use the term "CopyLady" and that Plaintiffs' use of "The CopyLady" constitutes infringement on the rights of Defendants. Along with such assertions, Defendants have demanded that Plaintiffs stop using their mark The CopyLady and have threatened the corporate Plaintiff and the controlling persons of the corporation with individual liability.

41. Plaintiffs aver and believe they have superior rights to use their name and mark The CopyLady, not only in the State of Texas, but throughout the United States. However, to resolve the controversy that exists, Plaintiffs respectfully request this Court to enter a declaratory judgment declaring the rights of the parties to use their respective names and marks that utilize the term "CopyLady."

## COUNT VI
## CANCELLATION OF SERVICE MARK APPLICATION

42. Plaintiffs repeat and reallege the allegations in paragraphs 1-41 hereinabove.

43. If Defendants are permitted to obtain a registration from their Application Serial No. 78/436,937, for CopyLady, Defendants will use that registration to further threaten or otherwise harass Plaintiffs, when Defendants have no legal right to do so.

44. To prevent further confusion, deception or mistake, and to protect the rights of the Plaintiffs, Application Serial No. 78/436,937 for CopyLady should be ordered canceled.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that after hearing the evidence, the Court enter a judgment as follows:

a. A preliminary and permanent injunction issue restraining Defendants, their agents, servants, employees, successors and assigns and all others in active concert and participation with them, from:

   (1) using the term CopyLady in connection with the providing of copying services or copying equipment, including but not limited to the following:

   Rental, leasing, maintenance, repair, retail and wholesale distributorship of automated office equipment, namely, photocopiers, full color photocopiers, typewriters, microfiche duplicators, erasable writing boards with photocopy capability, micrographic equipment, electronic messaging systems, multifunctional and multitasking office machines which serve as facsimile machines, copiers, printers, modems and scanners, network products, computer programs and software.

   (2) using any derivation or shorthand notation of the term CopyLady or any similar term in connection with the providing of copying services or copying equipment, including but not limited to the following:

   Rental, leasing, maintenance, repair, retail and wholesale distributorship of automated office equipment, namely, photocopiers, full color photocopiers, typewriters, microfiche duplicators, erasable writing boards with photocopy capability, micrographic equipment, electronic messaging systems, multifunctional and multitasking office machines which serve as facsimile machines, copiers, printers, modems and scanners, network products, computer programs and software.

  (3) soliciting any business under the mark CopyLady;

  (4) diluting Plaintiffs' name and mark The CopyLady;

  (5) unfairly competing with Plaintiffs by using names or marks similar to Plaintiffs' mark The CopyLady;

  (6) registering the mark CopyLady in the U.S. Patent and Trademark Office or with any state in the United States as a service mark;

  (7) creating confusion, mistake or deception as to the affiliation, connection or association between Defendants and Plaintiffs;

  (8) creating confusion, mistake or deception as to the source of origin, sponsorship or approval of Defendants' services as those affiliated with Plaintiffs;

b. Defendants be ordered to surrender for destruction all nameplates, labels, advertisements or other materials that utilize the term CopyLady thereon;

c. Defendants be required to pay Plaintiffs the Defendants' profits and actual damages suffered by Plaintiffs as a result of Defendants' acts;

d. Such damages be tripled because of the willful acts described herein in disregard of Plaintiffs' rights;

e. Defendants be compelled to pay Plaintiffs' attorneys' fees, together with costs of this suit;

f. Defendants be required to account for and pay over to Plaintiffs all gains, profits and advantages derived by Defendants from the activities complained of herein;

g. In the alternative, the Court declare the respective rights of the parties to the

        use of the term CopyLady to identify their respective services;

h.    For such other and further relief as may be just and equitable.

        Respectfully submitted,

Ted D. Lee
GUNN & LEE, PC
700 N. St. Mary's St., Suite 1500
San Antonio, TX 78205
210/886-9500
210/886-9883 Fax
TBN: 12137700
Federal Admn. No. 11221
tedlee@gunn-lee.com


T. Mark Blakemore
Attorney, Counselor and Mediator
835 E. Levee St., 6th Floor
Brownsville, TX 78520-5101
956/541-5900
956/541-5905 Fax
tmblakemore@tmb-atty.com

By: _____
      T. Mark Blakemore
TBN: 02431800
Federal Admn. No. 1915

ATTORNEYS FOR PLAINTIFFS

LAW OFFICES
# EDWARD M. LIVINGSTON, P.A.
PATENTS, TRADEMARKS, COPYRIGHTS
& BUSINESS LAW
963 TRAIL TERRACE DRIVE
NAPLES, FLORIDA 34103

EDWARD M. LIVINGSTON, REG. PAT. ATTORNEY
ANGELA M. VILLANUEVA, REG. PAT. ATTORNEY

July 26, 2004

OFFICE: 239-262-8502
800-548-4332
FAX: 239-261-3773

**VIA CERTIFIED MAIL/RETURN
RECEIPT REQUESTED NO.: 7001 2510 0009 3410 0122**

C. Lynn Anderson, Jr.
The CopyLady, LLC
3302 Boca Chica Blvd.
Suite 109
Brownsville, TX 78521

Re: Servicemark Infringement of "COPYLADY"
Our File No.: 04-5550

Dear Mr. Anderson, Jr.:

This law firm represents CopyLady, Inc., a Florida corporation, the owner and the originator of the mark "COPYLADY" in conjunction with copying services, specifically, the rental, leasing, maintenance, repair, retail and wholesale distributorship of automated office equipment, namely photocopiers, full color copiers, typewriters, microfiche duplicators, erasable writing boards with photocopy capability, micrographic equipment, electronic messaging systems, multifunctional and multitasking office machines which serve as facsimile machines, copiers, printers, modems and scanners, network products, computer programs and software. A copy of our client's business card is enclosed for your reference.

Our client has been using the mark "COPYLADY" in said services since 1997 and has a pending Federal servicemark on the mark "COPYLADY."

We have been advised by our client that you and your company have recently started using our client's mark "COPYLADY" for similar copying services. Your use of our client's mark is causing confusion as evidenced by a common vendor confusing accounts and will continue to cause confusion in the marketplace and is thus a direct infringement of our client's servicemark rights.

The remedies available to our client for infringement of its servicemark are set forth in the Federal Trademark Law, 15 USC §1117, also known as "The Lanham Act". Under the Federal Trademark Law, the owner of a trademark/servicemark can recover an infringer's profits, damages sustained by the owner, the costs of a law suit, even attorneys' fees, and punitive damages. Furthermore, in assessing the damages the court may award treble (i.e. triple) the amount of actual damages.

EXHIBIT A

July 26, 2004
Page 2

    Our client has spent considerable time and money developing and advertising its mark. Your company's use of the same mark in conjunction with the same services is not only an infringement of our client's servicemark rights, but also constitutes unfair competition and a dilution of the distinctiveness of our client's mark.

    Accordingly, we hereby demand that you immediately cease and desist from using our client's mark. Unless we have assurances in writing of the latter within twenty (20) days of the date of this letter, we will then advise our client that it may proceed with legal action to recover profits, damages, costs and attorneys' fees, including treble damages, and punitive damages for the knowing and willful infringement of our client's mark. In addition, upon filing suit we will also seek temporary and permanent injunctions to prevent your company from selling the products or services using our client's mark.

    Please be aware that not only your corporation may be liable for servicemark infringement, but also the individual directors or controlling persons of your corporation may be held liable individually as well.

    Therefore, it is in your best interest to cease using our client's name and give us written assurances within the above specified time limit.

    PLEASE GOVERN YOURSELF ACCORDINGLY.

Sincerely,

Edward M. Livingston

EML:amv
Enclosure:   Business Card
pc: CopyLady, Inc.



Tel: 239.939.5383
Fax: 239.939.9690

Visit our website
www.CopyLady.com

**Cynthia A. Duff**
President

11533 Charlie's Terrace
Fort Myers, FL 33907
Cynthia@CopyLady.com



### Trademark Electronic Search System(Tess)
*TESS was last updated on Wed Aug 18 04:47:38 EDT 2004*

Please logout when you are done to release system resources allocated for you.

## Record 1 out of 1

*(TARR contains current status, correspondence address and attorney of record for this mark. Use the "Back" button of the Internet Browser to return to TESS)*

## CopyLady

| | |
|---|---|
| **Word Mark** | COPYLADY |
| **Goods and Services** | IC 035. US 100 101 102. G & S: rental, leasing, maintenance, repair, retail and wholesale distributorship of automated office equipment, namely, photocopiers, full color photocopiers, typewriters, microfiche duplicators, erasable writing boards with photocopy capability, micrographic equipment, electronic messaging systems, multifunctional and multitasking office machines which serve as facsimile machines, copiers, printers, modems and scanners, network products, computer programs and software. FIRST USE: 19970101. FIRST USE IN COMMERCE: 20000814 |
| **Standard Characters Claimed** | |
| **Mark Drawing Code** | (4) STANDARD CHARACTER MARK |
| **Serial Number** | 78436937 |
| **Filing Date** | June 17, 2004 |
| **Current Filing Basis** | 1A |

EXHIBIT B

| | |
|---|---|
| **Original Filing Basis** | 1A |
| **Owner** | (APPLICANT) CopyLady, Inc. CORPORATION FLORIDA 11533 Charlies Terrace Fort Myers FLORIDA 33907 |
| **Attorney of Record** | Edward M. Livingston |
| **Type of Mark** | SERVICE MARK |
| **Register** | PRINCIPAL |
| **Live/Dead Indicator** | LIVE |

| PTO HOME | TRADEMARK | TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | TOP | HELP |

**HOME | INDEX | SEARCH | SYSTEM ALERTS | BUSINESS CENTER | NEWS&NOTICES | CONTACT US | PRIVACY STATEMENT**

Thank you for your request. Here are the latest results from the **TARR web server.**

This page was generated by the TARR system on 2004-08-18 09:31:38 ET

**Serial Number:** 78436937

**Registration Number:** (NOT AVAILABLE)

**Mark**

## CopyLady

**(words only):** COPYLADY

**Standard Character claim:** Yes

**Current Status:** Newly filed application, not yet assigned to an examining attorney.

**Date of Status:** 2004-06-28

**Filing Date:** 2004-06-17

**Transformed into a National Application:** No

**Registration Date:** (DATE NOT AVAILABLE)

**Register:** Principal

**Law Office Assigned:** LAW OFFICE 105

If you are the applicant or applicant's attorney and have questions about this file, please contact the Trademark Assistance Center at **TrademarkAssistanceCenter@uspto.gov**

**Current Location:** DOC -Centralized Docket

**Date In Location:** 2004-06-29

---
### LAST APPLICANT(S)/OWNER(S) OF RECORD
---

1. CopyLady, Inc.

**Address:**
CopyLady, Inc.
11533 Charlies Terrace
Fort Myers, FL 33907
United States
**Legal Entity Type:** Corporation
**State or Country of Incorporation:** Florida

## GOODS AND/OR SERVICES

**International Class:** 035
rental, leasing, maintenance, repair, retail and wholesale distributorship of automated office equipment, namely, photocopiers, full color photocopiers, typewriters, microfiche duplicators, erasable writing boards with photocopy capability, micrographic equipment, electronic messaging systems, multifunctional and multitasking office machines which serve as facsimile machines, copiers, printers, modems and scanners, network products, computer programs and software
**First Use Date:** 1997-01-01
**First Use in Commerce Date:** 2000-08-14

**Basis:** 1(a)

## ADDITIONAL INFORMATION

(NOT AVAILABLE)

## MADRID PROTOCOL INFORMATION

(NOT AVAILABLE)

## PROSECUTION HISTORY

2004-06-23 - New Application Entered In Tram

## CONTACT INFORMATION

**Correspondent**
Edward M. Livingston (Attorney of record)

EDWARD M. LIVINGSTON
EDWARD M LIVINGSTON P A
963 TRAIL TERRACE DR
NAPLES FL 34103-2329

**Phone Number:** 239-262-8502
**Fax Number:** 239-261-3773