IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| THE COPYLADY, LLC and<br>PAMELA SUE GARDINER,<br>    Plaintiff, | §<br>§<br>§<br>§ | |
| v. | § | CIVIL ACTION NO. B-04-148 |
| | § | |
| COPYLADY, INC.,<br>CYNTHIA A. DUFF,<br>    Defendants. | §<br>§<br>§ | |

### COPYLADY, INC.'s MOTION TO DISMISS FOR LACK OF PERSONAL AND SUBJECT MATTER JURISDICTION AND IMPROPER VENUE AND BRIEF IN SUPPORT

Defendants, CopyLady, Inc. ("CopyLady") and Cynthia Duff ("Duff")(collectively, "Defendants") file this Motion to Dismiss pursuant to Rule 12(b)(1), (2) and (3) of the Federal Rules of Civil Procedure. Defendants seeks the dismissal of this action because this Court lacks personal jurisdiction over both Defendants and the subject matter of the claims in this action. Venue in this Court is also improper.

**I.
INTRODUCTION**

This case purports to be an action for false designation and unfair competition under Section 43 of the Lanham Act as codified in 15 U.S.C. §1125(a). The Plaintiff provides copying services in Brownsville, Texas and has not offered services or sold equipment outside the Brownsville area, and certainly not outside the State of Texas. Defendant CopyLady, Inc., is a Florida corporation that has never "purposefully directed" its activities at the residents of the Texas forum for any purpose whatsoever. Defendant Cynthia Duff is the President of CopyLady, Inc. Ms. Duff has never conducted any business in Texas as either an individual or in her capacity as President of CopyLady Inc. As such the Plaintiff's claims under federal law

should not be brought in this Court because it lacks (1) personal jurisdiction over the Defendants, (2) subject matter jurisdiction over the claims, and (3) proper venue.

## II.
## PROCEDURAL AND FACTUAL BACKGROUND

CopyLady has applied for a federal registration of the mark COPYLADY as it relates to copy rental, leasing, maintenance, repair, retail and wholesale distributorship of automated office equipment. In an effort to police the use of its mark, CopyLady sent a letter to Plaintiff regarding its apparent use of the COPYLADY mark. Rather than engaging in a dialog to resolve the dispute, Plaintiff simply filed this action without regard to the fact that there is no jurisdiction in this Court over the claims or the Defendants.

## III.
## LEGAL ARGUMENTS

### A. THE CASE SHOULD BE DISMISSED FOR LACK OF PERSONAL JURISDICTION

#### 1. Exercise of Personal Jurisdiction Over Defendants Would Violate the Due Process Clause

The plaintiff bears the burden of establishing personal jurisdiction over a nonresident defendant. *Wilson v. Belin*, 20 F.3d 644, 648 (5th Cir. 1994), *cert. denied*, 513 U.S. 930 (1994). To establish jurisdiction, the plaintiff must satisfy both (1) the forum state's long-arm statute and (2) the Fifth Amendment due process requirements of the United States Constitution. *DeMelo v. Toche Marine Inc.*, 711 F.2d 1260, 1264 (5th Cir. 1983). The Texas Supreme Court has established that the Texas long-arm statute "reaches as far as the federal constitutional requirements of due process will permit." *Ruston Gas Turbines, Inc. v. Donaldson Co.*, 9 F.3d 415, 418 (5th Cir. 1993); *see also Kawasaki Steel Corp. v. Middleton*, 699 S.W.2d 199, 200 (Tex. 1985) (interpreting TEX. CIV. PRAC. & REM. CODE § 17.042).

The Due Process Clause permits the district court to exercise personal jurisdiction over nonresident defendants when (1) they have sufficient "minimum contacts" with the forum state, **and** (2) the exercise of personal jurisdiction does not offend "traditional notions of fair play and substantial justice." *International Shoe, Co. v. Washington*, 326 U.S. 310, 316 (1945). The minimum contacts must arise from actions by which the nonresident defendant "purposefully avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985).

### 2. CopyLady and Duff Do Not Have Sufficient Minimum Contacts with Texas to Support Exercise of Specific or General Jurisdiction

A defendant's contacts with the forum state must be sufficient to assert either specific or general jurisdiction over it. Specific personal jurisdiction exists over a non-resident defendant if the defendant has "'purposefully directed' his activities at the residents of the forum, and the litigation results from alleged injuries that 'arise from or relate to' those activities." *Burger King*, 471 U.S. at 474. The minimum contacts analysis for specific jurisdiction is narrow, focusing on the relationship between the defendant, the cause of action, and the forum state. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984). If the cause of action is not based on the defendant's specific activities in the forum state, general jurisdiction may be evaluated. In order to exercise general personal jurisdiction over a nonresident defendant, the defendant's contacts with the forum state must be both "continuous and systematic" and "substantial." *See Helicopteros*, 466 U.S. at 417-19.

#### a. CopyLady is Not Subject to Specific Jurisdiction in Texas

To assert specific jurisdiction, a plaintiff must demonstrate that the nonresident defendant "purposefully directed" his activities at the residents of the forum, *Keeton v. Hustler Magazine,*

*Inc.*, 465 U.S. 770, 774 (1984), and the litigation resulted from alleged injuries that "arise or relate" to those activities, *Helicopteros*, 466 U.S. at 414. When a corporation purposefully avails itself of a forum state, it has notice, as required by the Due Process Clause, that it is subject to litigation in the forum state. *Hanson v. Denckla*, 357 U.S. 235, 253 (1958).

CopyLady's sole contact with Texas was through a letter sent by CopyLady's counsel to Plaintiff. It is well settled that sending a letter, even one that threatens action over infringement, is not sufficient alone to provide specific jurisdiction. *Ham v. La Cienega Music Co.*, 4 F.3d 413, 416, n. 14 (5th Cir. 1993) (citing to *Cascade Corp. v. Hiab-Foco AB*, 619 F.2d 36 (9th Cir. 1980)) ("defendant did not, by sending demand letters alleging patent infringement to defendant in forum state, submit to personal jurisdiction there in declaratory judgment action."). Without more, and there is no more, CopyLady's contacts with Texas are insufficient to create specific jurisdiction over the acts alleged in Plaintiff's Complaint.

Furthermore, Cynthia Duff has had no contacts with Texas. An officer of a corporation acting in that capacity is not subject to personal jurisdiction based on the corporations actions. *Stuart v. Spademan*, 772 F.2d 1185, 1197 (5th Cir. 1985). In fact, it is not generally possible to obtain jurisdiction over an officer, even when there is personal jurisdiction over the corporation. *Id*. In this case, the named party, Ms. Duff, is an officer who has had no contacts with Texas outside her capacity as President of CopyLady. That "contact," directing the corporation's attorney to send a letter to Texas, is insufficient to create personal jurisdiction over the corporation in Texas. The lack of actions by CopyLady, Inc. to justify personal jurisdiction over it, as set forth above, necessarily means that those same actions cannot form the basis for personal jurisdiction over Ms. Duff.

### b. CopyLady is Not Subject to General Personal Jurisdiction in Texas

The courts have repeatedly emphasized that the level of contact with the forum state required for general jurisdiction is high. *Dalton v. R & W. Marine*, 897 F.2d 1359, 1362 (5th Cir. 1990). The contact must be "so substantial and of such a nature as to justify suit against [a foreign defendant] on causes of action arising from dealings entirely distinct from those activities". *International Shoe*, 326 U.S. at 318. The Fifth Circuit has set out the following factors for determining whether the exercise of general jurisdiction over a foreign party is proper: ownership of property; presence of employees, directors, or a registered agent for service; existence of telephone listings; establishment of bank accounts; warehouse or manufacturing facilities; maintenance of insurance; payment of sales taxes; and direction of advertising towards the forum state. *Bearry v. Beech Aircraft Corp.*, 818 F.2d 370, 372 (5th Cir. 1987).

CopyLady is a Florida corporation with its principle place of business in that state. Ms. Duff is an individual that resides in Florida. Within the course of its business, CopyLady does not maintain "continuous and systematic" contacts with the State of Texas, and neither does Ms. Duff:

- Neither CopyLady nor Ms. Duff conduct regular business in Texas;
- Neither CopyLady nor Ms. Duff is incorporated in or registered to do business Texas;
- Neither CopyLady nor Ms. Duff has any subsidiaries incorporated or qualified to do business in Texas;
- Neither CopyLady nor Ms. Duff has any branch office or other facilities in Texas;
- Neither CopyLady nor Ms. Duff is required to maintain nor do either of them maintain a registered agent for service in Texas;
- Neither CopyLady nor Ms. Duff has sales representatives, employees, servants, or agents in Texas;

- Neither CopyLady nor Ms. Duff manufacture products in Texas;

- Neither CopyLady nor Ms. Duff have bank accounts in Texas;

- Neither CopyLady nor Ms. Duff have a telephone listing or a mailing address in Texas;

- Neither CopyLady nor Ms. Duff maintains insurance coverage in Texas;

- Neither CopyLady nor Ms. Duff have had sales in Texas or paid sales taxes in Texas;

- Neither CopyLady nor Ms. Duff own tangible personal property located in Texas;

- Neither CopyLady nor Ms. Duff have ever owned, leased, operated, or maintained any real property, in whole or in part, in Texas;

- Neither CopyLady nor Ms. Duff have directed advertising specifically towards Texas residents and do not advertise in any publications that are directed towards Texas residents.

*See* Affidavit of Cynthia Duff, **Exhibit A**

There is simply nothing systematic nor continuous about the sending of a single letter to Texas that would be sufficient to establish general jurisdiction over CopyLady, Inc. or Cynthia Duff, as President of CopyLady, Inc. A single contact with a forum that is insufficient to establish specific jurisdiction over either of these parties cannot possibly be adequate to create general jurisdiction over them.

    3.    **Exercise of Personal Jurisdiction Over Defendants Would Offend Traditional Notions of Fair Play and Substantial Justice**

In addition to requiring minimum contacts with the forum state, due process requires that the exercise of personal jurisdiction over a non-resident defendant comply with "traditional notions of fair play and substantial justice." *International Shoe*, 326 U.S. at 316. The relationship between the defendant and the forum state must be such that it is reasonable to

require the corporation to defend itself in that forum.  *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 292, 292 (1980).

The fair play and substantial justice prong of the jurisdictional inquiry requires the Court to consider the following factors:  (1) the burden on the defendant of litigating in the forum state; (2) the forum state's interest in resolving the dispute; (3) the plaintiff's interest in obtaining convenient and effective relief; and (4) in cases involving foreign entities, the procedural and substantive policies of other nations whose interests are affected by the assertion of jurisdiction by the court.  *Asahi Metal Indus. Co. v. Superior Court*, 480 U.S. 102, 113-16 (1987).  Factor four in the foregoing analysis is not a factor in the present matter since none of the parties are foreign entities.

### a. The Burden on Defendants of Litigating In Texas

Requiring CopyLady or Ms. Duff to come to Texas to defend themselves against allegations of trademark infringement that have absolutely no connection to Texas is a clear burden that should not be imposed upon a either defendant.  Additionally, as set forth below, there is no subject matter jurisdiction over any of the Plaintiff's claims, making the prosecution of this case in any forum inappropriate.

### b. The Forum State's Interest in Resolving the Dispute

Texas has no interest in adjudicating this lawsuit because Defendants have not done business or otherwise interacted with the State in any manner that implicates the laws of Texas. If the State's courts have no personal jurisdiction over a defendant, the State can have no legitimate interest in resolving the dispute.

### c. The Plaintiff's Interest in Obtaining Convenient and Effective Relief

While the Plaintiff is apparently interested in obtaining relief from what it perceives to be

improper actions by Defendants, it cannot expect to obtain any relief if it cannot find a forum in which there is jurisdiction over both the subject matter of the claims and the Defendants personally. In this matter, due to the Plaintiff's lack of use if the COPYLADY mark in interstate commerce, there is no subject matter jurisdiction in any forum on the federal claims. *Vida infra.*

Additionally, since Plaintiff only has trademark rights, if any at all, in Brownsville, Texas, and neither Defendant has ever conducted business in Texas, there is no subject matter jurisdiction over Plaintiff's alleged common law trademark infringement or dilution claims under Texas law.

### B. THE CASE SHOULD BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION

#### 1. Dismissal for Lack of Subject Matter Jurisdiction is Proper Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(h)(3).

Rule 12(b)(1) allows a party to move to dismiss an action for lack of subject matter jurisdiction. A case is subject to dismissal under Rule 12(b)(1) "when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998). A Rule 12(b)(1) motion to dismiss may be brought at any time. *See* FED. R. CIV. P. 12(h)(3). Likewise, a court may raise questions regarding subject matter jurisdiction *sua sponte* at any time. *See id.; In re Weaver*, 632 F.2d 461, 463, n. 6 (5th Cir. 1980). Furthermore, subject matter jurisdiction is established on a claim-by-claim basis. *See Caterpillar v. Lewis*, 519 U.S. 61, 67 n.1 (1996).

#### 2. Plaintiff Lacks Standing to Bring Suit Under § 1125(a)

Plaintiff has no federal registration for COPYLADY. Therefore, in order to have standing to sue in federal court under § 1125(a), a plaintiff must have used its alleged mark in interstate commerce. *See Landstrom v. Thorpe*, 189 F. 2d. 46 (8th Cir. 1951), *Cert. denied*, 342 U.S. 819 (1951). Plaintiff's allegations do not give rise to subject matter jurisdiction because the

alleged infringement would have no effect on "the interstate use of the trademark." *See World Carpets, Inc. v. Dick Littrell's New World Carpets*, 438 F. 2d. 482, 489 (1971). This is because the Plaintiff is not engaged in interstate commerce, but has merely used its mark in Brownsville, Texas.

The only allegation in the Complaint that attempts to assert use of the COPYLADY mark in interstate commerce is the suggestion in paragraph 19 of the Complaint that the use of the email address copylady@aol.com constitutes a trademark use. This is not a trademark use of COPYLADY, but at most, an identification of the Plaintiff's business. As such, it is not adequate to establish either interstate use of or trademark rights to the mark. *Lockheed Martin Corp. v. Network Solution, Inc.*, 985 F.Supp. 949, 956 (C.D. Cal. 1997)("Domain names, like trade names, do not act as trademarks when they are used to merely to identify a business entity"). In the present case, the claimed use is not even a domain name, but the user-name portion of an email address, which is often a person's name or nickname, not a source of goods or services. Given that Plaintiff has not used or alleged use of the COPYLADY mark in interstate commerce, this case should be dismissed for lack of subject matter jurisdiction.

C.  **DISMISSAL IS ALSO APPROPRIATE DUE TO IMPROPER VENUE**

A case is properly dismissed under Fed. R. Civ. P. 12(b)(3) when a plaintiff brings the lawsuit in an improper forum. *See Haynsworth v. The Corporation,* 121 F. 3d 956, 961 (5th 1997). Plaintiff has asserted venue in this judicial district under 28 U.S.C. §1391(a) based on diversity of citizenship. Interestingly, Plaintiff has not alleged that venue is proper as a result of pleading a federal question. In either event, venue in this Court is not proper.

Under 28 U.S.C. § 1391(a), venue for claims based on diversity jurisdiction are proper only in a district where one of the following applies:

1. where any defendant resides, if all defendants reside in the same state;

2. where a substantial part of the events or omissions giving rise to the claim occurred, or in which a substantial portion of the property at issue is situated; or

3. where a defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

None of these conditions is met in the present case. The defendants all reside in Florida, not Texas. Neither of the Defendants have conducted business in Texas, so none of the events alleged have occurred in this judicial district. Finally, as set forth above, neither of the Defendants is subject to personal jurisdiction in Texas. The test under the federal question prong of the venue statute is similarly unavailing.

Under 28 U.S.C. § 1391(b), the first two conditions that give rise to proper venue are the same as §1391(a). Venue is proper if the case is brought in a judicial district in which any defendant may be found, if there is no other district in which the action may be brought. Clearly, neither of the Defendants may be found in this district. They have never been to Texas and they were not served in Texas.

In addition to dismissal for lack of personal jurisdiction and lack of subject matter jurisdiction, this case should also be dismissed under Fed. R. Civ. P. 12(b)(3) for improper venue. Due to the lack of subject matter jurisdiction, there is no district in which jurisdiction is proper, therefore transfer of the case to another venue is not appropriate.

## PRAYER FOR RELIEF

ACCORDINGLY, Defendants CopyLady, Inc. and Cynthia Duff pray that the Court dismiss this action against them pursuant to 12(b)(1), (2) and (3) of the Federal Rules of Civil Procedure.

Respectfully submitted,

**GARDERE WYNNE SEWELL LLP**

*/s/ Jennifer S. Sickler*

Jennifer S. Sickler
State Bar No. 18339600
Thomas C. Wright
State Bar No. 24028146
1000 Louisiana, Suite 3400
Houston, Texas 77002-5007
(713) 276-5382 (Phone)
(713) 276-6382 (Fax)

**ATTORNEYS FOR DEFENDANTS
PARK PLACE MOTORCARS, LTD., and
PARK PLACE MOTORCARS OF TEXAS,
INC.**

## CERTIFICATE OF SERVICE

I hereby certify on this 17th day of November, 2004, that I served a copy of the foregoing Motion and its attachments on all counsel of record via CMRRR as follows:

Mr. Ted D. Lee
Gunn & Lee, PC
700 N. St. Mary's St., Suite 1500
Houston, Texas 78205

T. Mark Blakemore
Attorney, Counselor and Mediator
835 E. Levee St., 6th Floor
Brownsville, TX 78520-5101

*/s/ Jennifer S. Sickler*
Jennifer S. Sickler