IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

NOV 2 6 2004

Michael N. Milby, Clerk of Court

| | | |
|---|---|---|
| THE COPYLADY, LLC and | § | |
| PAMELA SUE GARDINER, | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. B-04-148 |
| | § | |
| COPYLADY, INC., | § | |
| CYNTHIA A. DUFF, | § | |
| Defendants. | § | |

PLAINTIFFS' RESPONSE TO "COPYLADY, INC.'s MOTION TO DISMISS FOR
LACK OF PERSONAL AND SUBJECT MATTER JURISDICTION AND IMPROPER
VENUE AND BRIEF IN SUPPORT

TO THE HONORABLE DISTRICT JUDGE OF THIS COURT:

Plaintiffs, The Copylady, LLC ("The Copylady") and Pamela Sue Gardiner ("Gardiner")(collectively referred to as "Plaintiffs"), submit their "Response to 'Copylady, Inc.'s Motion to Dismiss for Lack of Personal and Subject Matter Jurisdiction and Improper Venue and Brief in Support'" (hereinafter "Plaintiffs' Response") and respectfully show that this Court has personal jurisdiction over both Defendants and the subject matter of the claims in this action. Venue is also proper in this Court.

**I. Background**

Defendants Copylady, Inc. ("CLI") and Cynthia A. Duff ("Duff")(collectively referred to as "Defendants") moved this Court to dismiss Plaintiffs' actions against them on the basis that jurisdiction was based solely on a demand letter sent by Defendants to Plaintiffs demanding that Plaintiffs cease using the mark COPYLADY. The demand letter is but one factor to consider in determining whether personal jurisdiction exists

1

over Defendants. It is not, as Defendants suggest, the sole basis for jurisdiction over Defendants. Defendants conveniently leave out more compelling evidence, as laid out below, that further confirms that they are subject to this Court's jurisdiction.

## II. Authority and Arguments

### A.    Personal Jurisdiction

Plaintiffs bear the burden of demonstrating this Court's jurisdiction over Defendants. *Wilson v. Belin*, 20 F.3d 644, 648 (5th Cir. 1994). Moreover, on a motion to dismiss for lack of jurisdiction, uncontroverted allegations in the plaintiff's complaint must be taken as true, and conflicts between the facts contained in the parties' affidavits must be resolved in the plaintiff's favor for purposes of determining whether a *prima facie* case for personal jurisdiction exists. *Wilson*, 20 F.3d at 648.

A federal district court sitting in diversity may exercise personal jurisdiction over a foreign defendant if (1) the long-arm statute of the forum state creates personal jurisdiction over the defendant; and (2) the exercise of personal jurisdiction is consistent with the due process guarantees of the United States Constitution. *Revell v. Lidov*, 317 F.3d 467, 469 (5th Cir. 2002). Texas's long-arm statute reaches to the constitutional limits. *Revell*, 317 F.3d at 469-470. Therefore, this Court can constitutionally exercise personal jurisdiction over a defendant if (1) the defendant has "minimum contacts" with the forum state and (2) the exercise of such jurisdiction does not "offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

If the defendant has "continuous and systematic" contacts with the forum state, then the court can exercise jurisdiction over the defendant generally. *Helicopteros*

*Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 414-415 (1984); *Wilson*, 20 F.3d at 647. When the cause of action is related to or arises from the defendant's contacts with the forum state, then the court has specific jurisdiction over the defendant for that cause of action. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985); *Wilson*, 20 F.3d at 647. Even a single contact can be sufficient. *McGee v. International Life Insurance Co.*, 355 U.S. 220, 223 (1957).

Additionally, the Fifth Circuit adopted a "sliding scale" approach in determining when to exercise personal jurisdiction over a defendant who operates an Internet website without other contacts with the forum state. *Mink v. AAAA Development LLC*, 190 F.3d 333, 336 (5th Cir. 1999). Courts are to evaluate the "nature and quality of commercial activity that an entity conducts over the Internet" before exercising personal jurisdiction. *Mink*, 190 F.3d at 336 (citing *Zippo Mfg. Co. v. Zippo Dot Com, Inc.*, 952 F. Supp. 1119, 1124 (W.D.Pa. 1997)).

Where a defendant clearly does business over the Internet by entering into contracts with residents of other states which involve the knowing and repeated transmission of computer files over the Internet, personal jurisdiction is proper. *Mink*, 190 F.3d at 336. Where a defendant merely establishes a passive website that does nothing more than advertise on the Internet, personal jurisdiction is not proper. *Mink*, 190 F.3d at 336.

In the middle, there are situations where a defendant has a website that allows a user to exchange information with a host computer. *Mink*, 190 F.3d at 336. In this middle ground, the "Interactive website", the exercise of personal jurisdiction is

determined by the level of interactivity and commercial nature of the exchange of information that occurs on the website. *Mink*, 190 F.3d at 336.

Finally, as a general rule, jurisdiction over an individual cannot be based on jurisdiction over a corporation, even if the court has jurisdiction over the corporation itself. *Stuart v. Spademan*, 772 F.2d 1185, 1197 (5th Cir. 1985). However, this fiduciary shield doctrine does not apply where the corporation is the alter ego of the individual or when the individual's actions are motivated by fraud or personal interest. *Lewis v. Fresne*, 525 F.3d 352, 359, n.6 (5th Cir. 2001); *Stuart*, 772 F.2d at 1198, n.12.

**1.     Defendants' Website Sufficient to Confer General Personal Jurisdiction**

In *Mink*, the Fifth Circuit held that the website, although providing users with a printable mail-in order form, defendant's toll-free telephone number, a mailing address and an electronic mail ("e-mail") address, was nonetheless passive, and thus did not subject the defendant to general personal jurisdiction. *Mink*, 190 F.3d at 337. The *Mink* Court stressed that orders were not taken through defendant's website. *Id.* The Court noted that the presence of these items, "without more, is insufficient to establish personal jurisdiction." *Id.*

In this case there is much more. Defendants maintain a website under the domain name, "www.copylady.com," pages of which are attached hereto as **Exhibit A** and incorporated by reference herein. Plaintiffs included this website in their Complaint.[1] Defendants' website is readily accessible by anyone who has Internet access. Defendants' website contains elements present in the *Mink* case. Additionally, Defendants' website contains the following:

1.     Client log-in;

---

[1] See Plaintiffs' Complaint, August 20, 2004, p.4, ¶'s 15 and 18.

    2.    Client Resource Page which includes:
        a.  Electronically transmitting copier meter readings;
        b.  Requesting supplies or services;
        c.  Reading and downloading manuals;
        d.  Downloading products;
    3.    Solicitation for business;
    4.    E-mail link; and
    5.    Consultations.

Clearly, Defendants' website is not a passive website, but directed to conducting business electronically. Orders of products and services are taken through Defendants' website. No where does this website limit Defendants' products, services, or customers to Florida. Contrary to their assertions, Defendants admitted that Defendants sold their products in Texas.[2] Orders were taken from Texas residents.[3] These sales were conducted via Defendants' website.[4] Defendants shipped products that were ordered via the website to Texas residents in Texas.[5]

Clearly, Defendants do business over the Internet by engaging in business transactions with Texas residents or by entering into contracts over the Internet. These substantial, continuous and systematic contacts with Texas are sufficient to subject Defendants to this Court's general personal jurisdiction. *See Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 414-415 (1984).

Duff is the sole corporate officer and director if CLI. See **Exhibit C**, attached hereto and incorporated by reference herein. Any actions by CLI are done under Duff's direction. CLI conducted business in Texas under Duff's purposeful direction for commercial gain. This business was motivated by Duff's personal interest. Personal jurisdiction may be asserted over a nonresident defendant when that defendant has taken

---

[2] See Affidavit of Ted D. Lee, attached hereto as **Exhibit B**.
[3] *Id.*
[4] *Id.*
[5] *Id.*

purposeful and affirmative action which foreseeably causes business activity in the forum state. *Mississippi Interstate Express, Inc. v. Transp, Inc.*, 681 F.2d 1003, 1007 (5th Cir. 1982). Therefore, this Court not only has personal jurisdiction over CLI, but also over Duff individually.

Defendants purposefully availed themselves of the benefits of the forum state and its laws. *Hanson v. Denckla*, 357 U.S. 235, 253 (1958). Where a defendant makes a conscious choice to conduct business with the residents of a forum state, "it has clear notice that it is subject to suit there." *Zippo*, 952 F.Supp. at 1127 (citing *World-Wide Volkswagon*, 444 U.S. 286, 297 (1980)). If Defendants did not wish to be amenable to this Court's jurisdiction, they could simply have chosen not to market, advertise, or sell their products and services in Texas.

**2.    Defendants' Internet Business Sufficient For Specific Personal Jurisdiction**

Alternatively, this Court has specific personal jurisdiction over Defendants. Traditionally, when an entity intentionally reaches beyond its boundaries to conduct business with foreign residents, the exercise of specific jurisdiction is proper. *Burger King*, 471 U.S. at 475. Jurisdiction cannot be avoided merely because the defendant did not physically enter the forum state. *Burger King*, 471 U.S. at 476. Different results should not be reached simply because business is conducted over the Internet. *Zippo Mfg. Co.*, 952 F. Supp. at 1124.

In *CompuServe*, a nonresident defendant contracted to distribute shareware through plaintiff's Internet server located in the forum state and electronically uploaded software files to plaintiff's server in the forum state via the Internet. *CompuServe, Inc. v. Patterson*, 89 F.3d 1260-61 (6th Cir. 1996). Plaintiff later began marketing a product

6

believed to be similar to nonresident defendant's, and nonresident defendant threatened to sue. *Id.* Plaintiff brought a declaratory action in the forum state. The Sixth Circuit held that a nonresident defendant purposefully directed his business activities toward the forum state by knowingly entering into a contract with a forum state resident and then "deliberately and repeatedly" transmitted files to the forum state. *CompuServe,* 89 F.3d at 1264-66.

Similarly, in this case, Defendants conducted business via the Internet, contracting with Texas residents for the sale of Defendants' products and services. Defendants' business in Texas caused harm to Plaintiffs in that Texas residents would likely be confused about the source of the goods or services provided under Defendants' mark. Clearly, Plaintiffs action against Defendants relate to or arise from Defendants' contacts with the forum state. This Court thus has specific jurisdiction over Defendants for Plaintiffs' causes of action. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985); *Wilson*, 20 F.3d at 647.

Duff directed CLI to reach into the boundaries of Texas in order to conduct business with Texas residents. This purposeful direction by Duff gives the Court specific jurisdiction over Duff individually, as well as jurisdiction over CLI.

3.      **Defendants Interactive Website**

Even if the Court does not find that Defendants' website evidenced their conducting business in Texas, Defendants' website clearly falls no lower than the middle category, the Interactive website, where Defendants and users exchange information through the Internet.

In *American Eyewear, Inc.*, the defendant in a trademark infringement action used its website to knowingly enter into contracts with Texas residents for commercial gain. *American Eyewear, Inc. v. Peeper's Sunglasses and Accessories, Inc.*, 106 F. Supp.2d 895 (N.D. Tex. 2000). Users of the website interacted with the site and defendant's employees by submitting product order forms and by using the site's email option to submit requests to the defendant's customer service department. *Id.* The defendant also shipped goods that were ordered via the website to Texas. *Id.* The court held that the activity amounted to the regular transaction of business with Texas residents and therefore the defendant had purposefully availed itself of the benefits of the state of Texas and jurisdiction was appropriate. *Id.*

In this case, users of Defendants' website interacted with the site by submitting product and service orders and by using the site's email option to submit requests to Defendants. Clearly, this high level of interactivity and commercial nature of the exchange of information that occurs on Defendants' website is sufficient to confer jurisdiction upon them. *Mink*, 190 F.3d at 336.

CLI conducted business in Texas with Texas residents all at the direction of Duff. Duff cannot now hide behind the fiduciary shield doctrine to immunize herself from this Court's jurisdiction. The Court's jurisdiction over CLI is necessarily attributed to Duff. Thus, personal jurisdiction, whether general or specific, is proper as to both Defendants.

**4.      Jurisdiction Over Defendants Not Offend Traditional Notions**

In determining whether the exercise of jurisdiction violates traditional notions of fair play and substantial justice, the court evaluates the following factors: (1) the burden on the defendant by having to litigate in the forum; (2) the forum state's interests in the

lawsuit; (3) the plaintiff's interests in convenient and effective relief; (4) the judicial system's interest in efficient resolution of controversies; and (5) the shared interest of states in furthering fundamental social policies. *Long v. Grafton Executive Search, LLC,* 263 F. Supp. 2d 1085, 1089-1090 (N.D. Tex. 2003); *Wien Air Alaska v. Brandt,* 195 F.3d 208, 215 (5th Cir. 1999).

First, the burden of Defendants having to litigate in Texas is not substantial. Defendants knew the risks and burdens associated with reaching into Texas for commercial gain. Defendants, nonetheless, deliberately chose to conduct business in Texas. Second, the State of Texas has a strong interest in providing its residents with a convenient forum for redressing injuries allegedly inflicted by out of the state actors. *Burger King,* 471 U.S. at 473.

Third, Plaintiffs are entitled to choose a convenient, readily accessible forum. Plaintiffs are also entitled to maintain this action in the locale where their alleged injury was sustained rather than a distant forum. Defendants' demand letter demanded that Plaintiffs cease their use of Plaintiffs' own mark in Texas. Clearly, this injury arises in Texas. The inconvenience and expense, if any, to Defendants of litigating in Texas do not, standing alone, trump Plaintiffs' interests in adjudicating this dispute in Texas.

Further, the majority of witnesses reside in Texas and thus, a trial would proceed more conveniently in a Texas forum. Finally, the judicial system's interest in efficient resolution of this controversy weighs in favor Plaintiffs especially when Defendants consciously chose to conduct business with Texas residents and to pursue profits from the actions now in question. *Sefton v. Jew,* 201 F.Supp.2d 730, 742 (W.D.Tex. 2001). "The Due Process Clause is not a 'territorial shield to interstate obligations that have been

9

voluntarily assumed.'"  *Zippo*, 952 F.Supp. at 1127 (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985)).  In evaluating the various relevant considerations, jurisdiction over Defendants comports with due process and thus is proper.

**B.    Subject Matter Jurisdiction**

Defendants contend that Plaintiffs do not engage in interstate commerce, but merely uses its mark in Brownsville, Texas, and thus this Court has no subject matter jurisdiction over this case.  Defendants then aver that an email address cannot constitute a trademark and thus is inadequate to establish either interstate use of or trademark rights to the mark.  This is simply incorrect.

The protection afforded by Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) extends to "a broad spectrum of marks, symbols, design elements and characters which the public directly associates with the plaintiff or its product."  *Universal City Studios, Inc. v. Kamar Industries, Inc.*, 1982 WL 1278, *8 (S.D. Tex. 1982)(citing *Warner Brothers, Inc. v. Gay Toys, Inc.*, 658 F.2d 76, 78 (2nd Cir. 1981)).  It is not necessary that the name or symbol for which protection is sought under Section 43(a) be a registered trademark.  *Id.*; *New West Corp. v. NYM Co. of California, Inc.*, 595 F.2d 1194, 1198 (9th Cir. 1979).  Thus, Plaintiffs email address, copylady@aol.com, is protected under the Lanham Act in that it is a mark, symbol, design element or character which the public directly associates with the Plaintiffs or their products and services.

Additionally, it is well established, as the Southern District of Texas recognized, that using the Internet to send emails across state lines meets the "in commerce" requirement of the Lanham Act.  *Universal City Studios, Inc. v. Kamar Industries, Inc.*, 1982 WL 1278, *8, n.5 (S.D. Tex. 1982)(citing *Intermatic, Inc. v. Toeppen*, 947 F. Supp.

1227, 1239-40 (N.D. Ill. 1996)(holding use of Internet itself, because of its "worldwide nature," sufficient to meet "in commerce" requirement).

As indicated in Plaintiffs' Complaint, through the use of their email address, Plaintiffs offered their copying services under the mark THE COPYLADY throughout the United States, including Ft. Meyers, Florida.[6] Thus, email sent by Plaintiffs across state lines meets the "in commerce" requirement of the Lanham Act.

Therefore, the Southern District of Texas has original jurisdiction over Plaintiffs' Lanham Act and common-law unfair competition claims against Defendants pursuant to 15 U.S.C. § 1121(a)(granting original jurisdiction in all actions arising under the Lanham Act), 28 U.S.C. § 1332 (providing for general diversity of citizenship jurisdiction), and 28 U.S.C. § 1338 (granting original jurisdiction over common-law unfair competition claims joined to substantial, related claims brought under the federal trademark laws).

**C.    Venue is Proper in the Southern District of Texas**

As was made evident in Plaintiffs' Complaint, subject matter jurisdiction was based on federal question and diversity of citizenship. Therefore, the applicable venue provision is 28 U.S.C. § 1391(b). Section 1391(b), in relevant part, provides that where jurisdiction is "not based solely on diversity of citizenship," a civil action may be brought in a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred. 28 U.S.C. § 1391(b). Further, Section 1391(c) provides that a corporation is "deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced." 28 U.S.C. § 1391(c).

It is clear that both CLI and Duff are subject to this Court's personal jurisdiction. Thus, venue is proper in the Southern District of Texas as to both Defendants.

---

[6] See Plaintiffs' Complaint, August 20, 2004, p.3-5, ¶'s 11 and 19.

## Conclusion

This Court enjoys personal jurisdiction over Defendants. Defendants purposefully availed themselves of the benefits and protections of Texas by establishing the requisite minimum contacts necessary with Texas and such exercise of personal jurisdiction over Defendants does not offend traditional notions of fair play and substantial justice. Further, this Court has subject matter jurisdiction over this case. Finally, venue is proper in this Court.

## Prayer

WHEREFORE, PREMISES CONSIDERED, Plaintiffs respectfully request that this Court deny Defendants' "Motion to Dismiss for Lack of Personal and Subject Matter Jurisdiction and Improper Venue and Brief in Support" and grant Plaintiffs any other relief, in law or in equity, as the Court may deem proper.

Respectfully submitted,

GUNN & LEE, P.C.
700 N. St. Mary's Street, Suite 1500
San Antonio, Texas 78205
210/886-9500
210/886-9883 Fax


By: _____
     Ted D. Lee
     State Bar No. 12137700

ATTORNEYS FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of "Plaintiffs' Response to 'Copylady, Inc.'s Motion to Dismiss for Lack of Personal and Subject Matter Jurisdiction and Improper Venue and Brief in Support'" was served on the following attorney(s) of record on the _____ day of November, 2004:


Jennifer S. Sickler
Thomas C. Wright
Gardere, Wynne, Sewell, LLP
1000 Louisiana, Suite 3400
Houston, Texas 77002-5007


_____
Ted D. Lee


G:\TDL\GardinerPamela\Pleadings\P'sResptoMtnDismiss.doc


13

Authorized Dealer
**NEC**

www.CopyLady.com
239.939.5353

**LASER FICHE**
Document Imaging for the Real World™

## Manage Your Paper or Go Paperless – You Decide.
## CopyLady Delivers.

...aples, Port Charlotte, and Punta Gorda all are expertly serviced by the Copy Lady staff.

---

## COPY - FAX - PRINT - SCAN:
## We Do it All

WWhen looking for copiers, digital or analog, in southwest Florida, thre is no other place than Cynthia Duff and the Copy Lady, Inc. Representing the NEC line of fax, copy, copier, and printer products, the Copy Lady can set you up with a system that will take care of all of your needs. Copy Systems, network printing, faxing, scanning, all can be done with one integrated system from Cynthia Duff and the whole Copy Lady Crew. With technicians covering Lee, Collier, Charlotte, Hendry, and Glades Counties, no county is too remote for the Copy Lady. The communities of Fort Myers, Cape Coral, Bonita, Naples, Port Charlotte, and Punta Gorda all are expertly

### Document Handling Systems:
When you need to manage your paper, the CopyLady represents the NEC and COPYSTAR lines of advanced, leading-edge multi-function products that bring value, speed and enhanced performance to today's high-powered office environments. These products incorporate scanning, copying, printing and communications with PC and network capabilities.

These CopyLady-enhanced systems provide digital copying, printing , facsimile, e-mail integration and file scanning, all networked in one dynamic package. These versatile document management solutions even offer built-in document finishing features to make them one-stop wonders!

Backed by the personal service of CopyLady, Inc., your machine will be expertly configured, delivered, and connected to meet your needs. Copy problems? No problem with Cynthia Duff's expert technicians on call and at your site.

Ready to replace that old, out-dated copier with the state of the art? Take the CopyLady Survey for your no-obligation analysis today!



## READY FOR THE PAPERLESS OFFICE?
## Let CopyLady Build it for You

### Document Management:
CopyLady, Inc. of Fort Myers Florida announces their acceptance of the **LaserFiche** line of digital document management software.

LaserFiche software provides the "engine" that gives business and

serviced by the
Copy Lady
staff.hen ooking
for copiers, digital
or analog, in
southwest Florida,
thre is no other
place than

government agencies the ability to archive, retrieve, and distribute documents and other "digital" files. Of municipalities nationwide using Document Imaging, over 60% of them have chosen LaserFiche as their software platform.



Cynthia Duff, President and Visionary of CopyLady, Inc., is uniquely qualified to represent the premier Document Imaging system available. With twenty years in the computer and Document Management industry, no one else can bring to your imaging project the depth of knowledge and hands-on expertise that Cynthia will.

Call or <u>contact the CopyLady</u> today to have your no-obligation needs analysis performed, and let the CopyLady show you how your firm or organization can benefit from this exciting technology.

Click to return to Main Page

CopyLady.com (c) 2000-2004
All rights reserved. No reproduction in any form unless expressly authorized. Other copyrights may be noted in source documentation.
Copy Lady, Inc 239.939.5383

Powered By



When looking for copiers, digital or analog, in southwest Florida, thre is no other place than Cynthia Duff and the CopyLady, Inc. Representing the NEC line of fax, copy, copier, and printer products, the CopyLady can set you up with a system that will take care of all of your needs. Copy Systems, network printing, faxing, scanning, all can be done with one integrated system from Cynthia Duff and the whole CopyLady Crew. With technicians covering Lee, Collier, Charlotte, Hendry, and Glades Counties, no county is too remote for the CopyLady. The communities of Fort Myers, Cape Coral, Bonita, Naples, Port Charlotte, and Punta Gorda all are expertly serviced by the CopyLady staff.





*Return to the Main Page*                                              *Contact Me!*

**SHAKE THOSE "HURRICANE BLUES"**
**CHARGE IN TO SUMMER WITH THIS GREAT DEAL!**

## NEC IT3510 Multi-Function Document Center

The business world is based upon printed communication. Let the **NEC 3510** provide you the all-in-one productivity solution: Superfast G3 FAX transmission speeds, 35-ppm print/copy capabilities, finishing features with hole-punching or stapling. The superior image clarity of the **NEC 3510** makes it ideal for faxing even detailed drawings or photographs. For in-house production of all your documents, the **NEC 3510** is both reliable and cost effective, and *only* The Copy Lady has it in Southwest Florida!

### *This Special Buy Includes:*



- 35 page per minute system
- Document Feeder
- Duplexing Unit (two-sided printing)
- (2) Paper Drawers
- Feeds Index Stock to 90 lbs.
- Bypass Feeder
- Zoom 25% to 400%
- High Speed Built-In Fax Unit
- Cabinet

## All for only $179.00 per month

### Available Options Include:

**Mailbin Finisher**: Lets you do it all: sorting, grouping, hole-punching, and sort-stapling.

**Additional Universal Paper Drawer:** Holds 550 sheets of letter, legal and ledger-size paper.

**Large Capacity Cabinet:** Gives you an additional 2,750-sheets of paper capacity for long print/copy runs.

**Print Controller:** Lets you print and fax direct from your PC; PCL6, Windows 95/98/2000/XP, Windows 3x, Windows NT 3.51, 4.0; Printer drivers: Macintosh OS System 7 (or later),

**PostScript Printer Drivers Print Controller Option:** PS Level 3, Scan to URL, Scan to File, Scan to E-mail; PDF and TIFF file formats supported

**Network Application Kit-2:** Lets you convert scanned data to TIFF format for attachment to e-mail messages or for network faxing.

**Interface to Network:** Centronics/Parallel IEEE-1284 compatibility; Optional: 10/100 Base T/2

**Network Protocols Supported With Option NIC:** TCP/IP, Novell IPX/SPX, Ethertalk (all with automatic protocol switching)

**Memory Upgrades:** 8 MB, 16 MB, 32 MB

<h2 style="text-align:center">WANT TO KNOW MORE?</h2>

<strong><u>CLICK HERE</u> to have the Copy Lady contact you</strong><br>about this and her other special deals.

<u>Click to return to Main Page</u>

CopyLady.com (c) 2000-2004<br>
All rights reserved. No reproduction in any form unless expressly authorized. Other copyrights may be noted in source documentation.<br>
Copy Lady, Inc 239.939.5383

Powered By









*Return to the Main Page*

## DIGITAL DOCUMENT DELIVERY

## COLOR UNITS

## OPTIONAL ACCESSORIES

*Contact Me!*

*From the workhorse CL-Series to workgroup solutions*

*True "commercial-grade" standalone fax solutions for your office.*

*Options to expand the functionality of your system.*

## PRINT - FAX - COPY - SCAN:

## CL-5035

— Powerful 50-copies per minute laser engine, 100-page automatic document feeder, double-sided scan and print up to 11" x 17". Digital copier, network printer and scanner, high speed fax, networked email fax. Full line of document finishing; sort, staple, hole punch and saddle-stitch booklet creation.

[ Click here for Product Brochure ]



## CL-3520

— Digital copier, high speed fax, network printer, networked email fax, network scanner in one. Built-in document finishing, 35-copies per minute laser engine, double sided scan and print up to 11" x 17". Finishers include sort, staple, hole punch and saddle stitch booklet creation.

[ Click here for Product Brochure ]



## CL-2520

— Digital copier, high speed fax, network printer, networked email fax, network scanner in one. Built-in document finishing,

- 
- 
- 

25-copies per minute laser engine, double sided scan and print up to 11" x 17". Finishers include sort, staple, hole punch and saddle stitch booklet creation.

[ Click here for Product Brochure ]



## COLOR PRINTERS:

## CLC-5016

## OPTIONAL ACCESSORIES:

Click to return to Main Page

CopyLady.com (c) 2000-2004
All rights reserved. No reproduction in any form unless expressly authorized. Other copyrights may be noted in source documentation.
Copy Lady, Inc 239.939.5383

Powered By

Hawk net

  

*Return to the Main Page*    **Contact Me!**

# THE PAPERLESS OPTION IS HERE:

**Universal access** to information is the great potential of enterprise document imaging and management. Decision-makers search and retrieve business-critical documents in seconds. Secure digital archival provides long-term document preservation. A Web solution delivers enterprise information around the globe. This is the "holy grail" of the paper-bound organization.

**Products**

**Solutions**

CopyLady's LaserFiche document imaging and management solutions quickly and precisely deliver essential business information to decision makers. An organization's unified document repository is instantly accessible, saving time spent seeking information and gaining time to put it to productive use.

**Imaging Staff**
*Cynthia Duff*
*David Yates*

LaserFiche solutions are designed for rapid deployment, simplified integration and enterprise scalability. LaserFiche provides dependable digital archival, fast retrieval and efficient distribution solutions for over 18,000 public and private sector organizations around the world.

**Cynthia Duff, President and Visionary of CopyLady, Inc. is proud to represent LaserFiche in southwest Florida. From standalone single workstations to multi-office integrated solutions, CopyLady can supply the hardware, software, and technical expertise to make your Document Management project a success.**

## BUT WHAT *IS* LASERFICHE?

LaserFiche software provides the "engine" that gives business and government agencies the ability to archive, retrieve, and distribute documents and other "digital" files. Of municipalities nationwide using Document Imaging, over 60% of them have chosen LaserFiche as their software platform.

Cynthia Duff, President of CopyLady, Inc., is uniquely qualified to represent the premier Document Imaging system available. With twenty years in the computer and Document Management industry, no one else can bring to your imaging project the depth of knowledge and hands-on expertise that Cynthia will.

Click to return to Main Page
CopyLady.com (c) 2000-2004
All rights reserved. No reproduction in any form unless expressly authorized. Other copyrights may be noted in source documentation.
Copy Lady, Inc 239.939.5383









*Return to the Main Page*                                                     *Contact Me!*

## About Copy Lady, Inc.

**Document Management- does it *really* work? Does it matter who I buy my copier from?**

### --- YES, IT DOES!

In this day and age of document management there's a whole lot more to a copier than just making copies. That's why it really *does* matter that you buy your system from a knowledgeable, technically advanced company who can suggest alternatives to perfectly match your individual copy and document management needs with the state of the art in today's solutions.

When you call Cynthia Duff and the staff at CopyLady, Inc., you will get an experienced representative who has solutions and suggestions that you may not have considered. client-oriented, the dedicated CopyLady Crew will bring with ideas to make your document management more efficient and productive - often without costing you any more than you're already spending.

Founded in 2002, Cynthia believed that state-of-the-art digital hardware, advanced software solutions, and superior attention to the client was lacking in the southwest Florida marketplace. Wanting to provide world-class service and integration to the growing Document Management market, she set out to create her vision of how clients *should* be treated.

## About Cynthia A. Duff-
## *The* Copy Lady

The President and Visionary of CopyLady, Inc. is Cynthia A. Duff.



With over 20 years of experience in the office equipment industry nationwide, Cynthia stands apart in her field. Winner of the prestigious Minolta President's Award for Excellence, the Canon Golden Eagle Award, and literally scores of other industry awards, her experience and professionalism in the field are known and respected industry-wide.

Cynthia's career, always focused on document management and production, has included sales and management positions covering numerous states on both the east and west coasts, and major manufacturers of copy and document imaging equipment.

***Community Service:***
Cynthia Duff settled in Southwest Florida in 1994, and became active in her community almost immediately. Her community involvement includes serving on the boards or as an officer of community associations and local/national health organizations, membership in the Rotary Club of Fort Myers (*Rotarian of the Year* for 2000), serving on the Grants Committee for the Community Foundation of Southwest Florida, and the board of the Dr Ella

Piper Center, among many others.

In addition, Cynthia assists in fundraising for many local and national charitable organizations. CopyLady, Inc. and Ms Duff also personally support through charitable giving the activities of countless other groups and churches in southwest Florida and nationally.

## COPYLADY, INC. CERTIFICATIONS AND AUTHORIZATIONS:

- NEC Authorized Dealer
- Authorized LaserFiche Application Reseller
- Microsoft MCSE on staff

<u>Click to return to Main Page</u>
CopyLady.com (c) 2000-2004
All rights reserved. No reproduction in any form unless expressly authorized. Other copyrights may be noted in source documentation.
Copy Lady, Inc 239.939.5383

Powered By







*Return to the Main Page*

# Contact CopyLady, Inc.:

| | |
|---|---|
| **Telephone:** | 239-939-5383 |
| **Fax:** | 239-939-9690 |
| **E-Mail:** | **INFO@CopyLady.com** |

**CopyLady, Inc.**
PO BOX 2397
Fort Myers, Florida 33902-2397

## Take the Product Survey:

If you would like to have the CopyLady Crew contact you about your document management and copying needs, please *click here*.

Click to return to Main Page
CopyLady.com (c) 2000-2004
All rights reserved. No reproduction in any form unless expressly authorized. Other copyrights may be noted in source documentation.
Copy Lady, Inc 239.939.5383
Powered By



  

*Return to the Main Page*                                           *Contact Me!*

## CLIENT RESOURCE PAGE:

All clients of The Copy Lady can now:

- Electronically transmit your Copier Meter Readings
- Request supplies or service
- Read and download manuals on your Copy Lady system
- Download the latest printer drivers, scanner features, etc.
- and much, much more

User ID

Password

[ Submit ]

YOU WILL BE ISSUED INSTRUCTIONS ON HOW TO LOG IN VIA E-MAIL.
If you don't remember how to log in, you can e-mail Info@CopyLady.com
-or-
Call the offices at 239-939-5383

Click to return to Main Page

CopyLady.com (c) 2000-2004
All rights reserved. No reproduction in any form unless expressly authorized. Other copyrights may be
noted in source documentation.
Copy Lady, Inc 239.939.5383

Powered By



IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| THE COPYLADY, LLC and | § | |
| PAMELA SUE GARDINER, | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. B-04-148 |
| | § | |
| COPYLADY, INC., | § | |
| CYNTHIA A. DUFF, | § | |
| Defendants. | § | |

AFFIDAVIT IN SUPPORT OF PLAINTIFF'S RESPONSE TO "COPYLADY, INC.'s
MOTION TO DISMISS FOR LACK OF PERSONAL AND SUBJECT MATTER
JURISDICTION AND IMPROPER VENUE AND BRIEF IN SUPPORT

| | |
|---|---|
| STATE OF TEXAS | § |
| | § |
| COUNTY OF BEXAR | § |

**Affidavit of Ted D. Lee**

Ted D. Lee, being duly sworn, deposes and states:

1. "My name is Ted D. Lee. I am over eighteen (18) years of age. I am the undersigned attorney for Plaintiffs in this matter. My office is located at 700 N. St. Mary's Street, Suite 1500, San Antonio, Texas 78205. I am fully competent to make this affidavit, and I have personal knowledge of the facts stated in this affidavit. To my knowledge, all of the facts stated in this affidavit are true and correct.

2. I make this affidavit in support of Plaintiffs' Response to 'Copylady, Inc.'s Motion to Dismiss for Lack of Personal and Subject Matter Jurisdiction and Improper Venue and Brief in Support.'

3.  On or about November 10, 2004, in a telephonic conversation, counsel for Defendants told me that Defendants do sell their products and services in Texas.

4.  Counsel also told me that these sales were conducted via Defendants' website.

5.  Counsel further said that orders were taken from Texas residents.

6.  Counsel further said Defendants shipped products that were ordered via their website to Texas residents in Texas.

7.  Further Affiant sayeth naught."

_____
Ted D. Lee


BEFORE ME, the undersigned authority, on this day personally appeared  TED  D.  LEE, known to me to be the person of that name, who signed the foregoing instrument, and acknowledged the same to be his free act and deed.

GIVEN under my hand and seal of office this _24_ day of _November_ , 2004.

_____
Notary Public

ROSA E. MONTANEZ
MY COMMISSION EXPIRES
October 21, 2007

_ROSA E. MONTANEZ_
Printed Name of Notary

Commission Expires _10-21-07_

2

07/19/2002  11:28    5169353888    ---HUB    PAGE  02
341-766-0074    CHARLES .A MASSIE.CPA    PAGE  03

H02000163948

# ARTICLES OF INCORPORATION
## OF

### CopyLady, Inc.
### P. O. Box 2397
### Fort Myers, FL  33902-2397

The undersigned incorporator(s), for the purpose of forming a corporation under the Florida General Corporation Act, hereby adopt(s) the following Articles of Incorporation.

## ARTICLE I NAME

The name of the corporation shall be:    CopyLady, Inc.

The principle place of business of this corporation shall be:
2709 Swamp Cabbage Ct.
Fort Myers, FL 33901

## ARTICLE II NATURE OF BUSINESS

This corporation may engage in or transact any or all lawful activities or business permitted under the laws of the United States, the State of Florida, or any other state, country, territory, or nation.

## ARTICLE III CAPITAL STOCK

The aggregate number of shares of stock and its par value that this corporation is authorized to have outstanding at any one time is:

10,000 with par value of $0.50

## ARTICLE IV TERM OF EXISTENCE

This corporation is to exist perpetually.

## ARTICLE V OFFICERS DIRECTORS

The name(s) and street address(es) of the initial officer(s) and director(s), if any, who shall hold office the first year of the corporation's existence or until their successor(s) is(are) elected, is(are):

Cynthia Duff, Pres./Dir.
1925 Clifford Street, #302
Fort Myers, FL  33901

FILED
02 JUL 10 PH 4:10
SECRETARY OF STATE
TALLAHASSEE FLORIDA

H02000163948

H02000163948

## ARTICLE VI INCORPORATOR(S)

The name(s) and street address(es) of the incorporator(s) to this articles of incorporation is(are):

Cynthia Duff
1925 Clifford Street, #302
Fort Myers, FL 33901

The undersigned incorporator(s) has(have) executed these Articles of Incorporation the 9th day of July, 2002.

Signature(s) of Incorporator(s)



(SEAL)

H02000163948

07/10/2002  11:28  5169353088  HUB  PAGE  04
CHARLES A MASSIE, CPA  PAGE  05

H02000163948

# CERTIFICATE OF DESIGNATION
## REGISTERED AGENT/REGISTERED OFFICE

Pursuant to the provisions of Section 607.325, Florida Statutes, the undersigned corporation, organized under the laws of the State of Florida, submits the following statement in designating the registered office/registered agent, in the State of Florida.

1. The name of the corporation is: CopyLady, Inc.

2. The name and address of the registered agent and office is:

Cynthia Duff, 1925 Clifford Street, #302, Fort Myers, FL 33901

SIGNATURE _Cynthia A. Duff President_
(CORPORATE OFFICER)

TITLE President

DATE July 9, 2002

HAVING BEEN NAMED TO ACCEPT SERVICE OF PROCESS FOR THE ABOVE STATED CORPORATION, AT THE PLACE DESIGNATED IN THIS CERTIFICATE, I HEREBY AGREE TO ACT IN THIS CAPACITY, AND I FURTHER AGREE TO COMPLY WITH THE PROVISIONS OF ALL STATUTES RELATIVE TO THE PROPER AND COMPLETE PERFORMANCE OF MY DUTIES, AND I ACCEPT THE DUTIES AND OBLIGATIONS OF SECTION 607.325, FLORIDA STATUTES.

SIGNATURE _Cynthia A. Duff_

DATE: July 9, 2002



FILED
02 JUL 10 PM 4 10
SECRETARY OF STATE
TALLAHASSEE FLORIDA

H02000163948