IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| THE COPYLADY, LLC and<br>PAMELA SUE GARDINER, | §<br>§<br>§ | |
| Plaintiff, | §<br>§ | |
| v. | §<br>§ | CIVIL ACTION NO. B-04-148 |
| COPYLADY, INC.,<br>CYNTHIA A. DUFF, | §<br>§<br>§<br>§ | |
| Defendants. | § | |

**JOINT DISCOVERY/CASE MANAGEMENT
<u>PLAN UNDER RULE 26(f)</u>**

1.  **State where and when the meeting of the parties required by Rule 26(f) was held, and identify the counsel who attended for each party.**

    The joint meeting of counsel was held telephonically on November 30, beginning at about 10:53 a.m and again at about 3:00 p.m.

    Jennifer S. Sickler of Gardere Wynne Sewell, L.L.P. attended on behalf of Defendants CopyLady, Inc. and Cynthia A. Duff.

    Mike Villarreal of Gunn & Lee, P.C. was present for Plaintiffs, The CopyLady, LLC and Pamela Sue Gardiner.

2.  **List the cases related to this one that are pending in any state or federal court with the case number and court.**

    None.

3.  **Specify the allegation of federal jurisdiction.**

    The Plaintiffs assert Federal Question Jurisdiction based upon trademark infringement and Diversity Jurisdiction based on the citizenship of the parties.

    The Defendants assert that there is no subject matter jurisdiction in federal court and have filed a Motion to Dismiss for lack of subject matter and personal jurisdiction, as well as improper venue.

1

4.  **Name the parties who disagree and the reasons**

    The parties do not agree on this issue. Defendants' reasons are explained at length in their Motion to Dismiss. Plaintiffs' reasons are explained at length in their Response to Defendants' Motion to Dismiss.

5.  **List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.**

    None

6.  **List anticipated interventions.**

    None.

7.  **Describe class-action issues.**

    None.

8.  **State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.**

    The parties have agreed to make the initial disclosures required by Rule 26, if applicable, at a time mutually agreed to shortly after the Court rules on the pending Motion to Dismiss.

9.  **Describe the proposed agreed discovery plan, including:**

    A.  **Responses to all the matters raised in Rule 26(f).**

    The parties will make Rule 26 initial disclosures if applicable, at a time mutually agreed upon shortly after the Court rules on the pending Motion to Dismiss. The parties agree to supplement their disclosures pursuant to the Rules.

    B.  **When and to whom the plaintiffs anticipate they may send interrogatories.**

    Plaintiffs anticipate sending interrogatories to all Defendants within the next sixty (60) days.

    C.  **When and to whom the defendants anticipate they may send interrogatories.**

    The Defendants anticipate sending interrogatories to Plaintiffs, if applicable, shortly after

2

the Court rules on the pending Motion to Dismiss.

D. **Of whom and by when the plaintiffs anticipate taking oral depositions.**

Plaintiffs anticipate taking depositions from each named party, all fact witnesses, and corporate representatives, and anticipate taking these depositions on or before May 30, 2005. Expert depositions will be completed by August 30, 2004. 5

E. **Of whom and by when the defendants anticipate taking oral depositions.**

The Defendants anticipate taking depositions of the named Plaintiffs, corporate representatives and other witnesses identified by Plaintiffs as having knowledge of relevant facts, and anticipate taking these depositions by May 30, 2005. Expert depositions will be completed by August 30, 2004. 5

F. **List Expert depositions the plaintiff anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).**

The Plaintiffs anticipate being able to designate experts and provide the reports required by Fed. R. Civ. P. 26(a)(2)(B) by June 30, 2005.

G. **List Expert depositions the defendants anticipate taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).**

The Defendants anticipate being able to designate experts and provide the reports required by Fed. R. Civ. P. 26(a)(2)(B) by July 30, 2005.

10. **If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

    The parties agree on all parts of the discovery plan.

11. **Specify the discovery beyond initial disclosures that has been undertaken to date.**

    No discovery has been undertaken to date.

12. **State the date the planned discovery can reasonably be completed.**

    May 30, 2005 for fact discovery, and August 30, 2005 for expert discovery.

13. **Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.**

    See the response to item 14 below.

3

14. **Describe what each party has done or agreed to do to bring about a prompt resolution.**

   Counsel for the parties have conferred on several occasions, and are actively pursuing a non-judicial resolution of this matter.

15. **From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.**

   The parties hope to reach a resolution on their own. However, if these attempts fail, mediation would be suitable after a reasonable amount of discovery is completed in this case.

16. **Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.**

   The parties do not agree to trial before a magistrate judge at this time.

17. **State whether a jury demand has been made and if it was made on time.**

   Plaintiffs have not demanded a jury, and the Defendants have filed a motion to dismiss in lieu of filing an answer.

18. **Specify the number of hours it will take to present the evidence in this case.**

   The parties anticipate a four-day trial. The parties may amend their answer to this request after a reasonable amount of discovery in this case.

19. **List pending motions that could be ruled on at the initial pretrial and scheduling conference.**

   The Defendants' Motion to Dismiss for Lack of Personal and Subject Matter Jurisdiction and Improper Venue.

20. **List other motions pending.**

   None. Defendants may file a motion for sanctions in the next two weeks, however.

21. **Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.**

   The parties know of no matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.

**22.  List the names, bar numbers, addresses and telephone numbers of all counsel.**

For Plaintiffs:

Mr. Ted D. Lee
Gunn & Lee, PC
TBA No. 12137700
700 N. St. Mary's St., Suite 1500
San Antonio, Texas 78205
210-886-9500 (Phone)
210-886-9883 (Fax)

T. Mark Blakemore
TBA No. 02431800
Attorney, Counselor and Mediator
835 E. Levee St., 6th Floor
Brownsville, TX 78520-5101
956-541-5900 (Phone)
956-541-5905 (Fax)

For the Defendants:

Jennifer S. Sickler
TBA No. 18339600
Thomas C. Wright
TBA No. 24028146
Gardere Wynne Sewell, L.L.P.
1000 Louisiana, Suite 3400
Houston, Texas 77002-5007
713-276-5382 (Phone)
713-276-6382 (Fax)

Respectfully submitted,

**GARDERE WYNNE SEWELL LLP**

*/s/ Jennifer S. Stickler/*

Jennifer S. Stickler
State Bar No. 18339600
Thomas C. Wright
State Bar No. 24028146
1000 Louisiana, Suite 3400
Houston, Texas 77002-5007
(713) 276-5382 (Phone)
(713) 276-6382 (Fax)

**ATTORNEYS FOR DEFENDANTS
COPYLADY, INC., AND
CYNTHIA A. DUFF**

*/s/ Ted D. Lee/*

Ted D. Lee
Gunn & Lee, PC
700 N. St. Mary's St., Suite 1500
San Antonio, Texas 78205
210-886-9500 (Phone)
210-886-9883 (Fax)

**ATTORNEYS FOR PLAINTIFFS
COPYLADY, LLC, AND PAMELA SUE
GARDINER**

## CERTIFICATE OF SERVICE

I hereby certify on this 30th day of November, 2004, that I served a copy of the foregoing document on all counsel of record via CMRRR as follows:

Mr. Ted D. Lee
Gunn & Lee, PC
700 N. St. Mary's St., Suite 1500
San Antonio, Texas 78205

T. Mark Blakemore
Attorney, Counselor and Mediator
835 E. Levee St., 6th Floor
Brownsville, TX 78520-5101

_____
Jennifer S. Sickler