IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| THE COPYLADY, LLC and<br>PAMELA SUE GARDINER,<br><br>Plaintiff,<br><br>v.<br><br>COPYLADY, INC.,<br>CYNTHIA A. DUFF,<br><br>Defendants. | § § § § § § § § § § § § | CIVIL ACTION NO. B-04-148 |

**COPYLADY, INC.'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO DISMISS FOR LACK OF PERSONAL AND SUBJECT MATTER JURISDICTION**

Defendants, CopyLady, Inc. ("CopyLady Inc.") and Cynthia Duff ("Duff")(collectively, "Defendants") file this reply to The Copylady, LLC and Pamela Sue Gardiner's ("Gardiner")(collectively, "Plaintiffs") response to Defendants Motion to Dismiss, which was filed pursuant to Rule 12(b)(1), (2) and (3) of the Federal Rules of Civil Procedure.

I.   **PLAINTIFFS OFFER NO EVIDENCE TO ESTABLISH PERSONAL JURISDICTION OVER DEFENDANTS IN TEXAS**

Plaintiffs Response to the Motion to Dismiss is supported only by the self-serving declaration of counsel for Plaintiffs, Ted D. Lee. To make matters worse, the "relevant" contents of Mr. Lee's declaration are entirely false. Specifically, no attorney representing the Defendants, nor any other person at the firm of Gardere Wynne Sewell, LLP gave Mr. Lee any information that supports his allegations, in paragraphs 3 to 6 of his Declaration, of sales into Texas by the Defendants. Submitting a false declaration that is based upon purported settlement and

compromise negotiations is highly unusual. Further, the Declaration would violate the privileged status the law accords to such communications, if indeed they took place.

Ironically, even if the comments Mr. Lee attributes to counsel for the Defendants were true, the comments do not have the status of evidence and would not be sufficient to defeat the Motion to Dismiss for lack of personal jurisdiction. *Gray v. Lynn*, 6 F.3d 265, 271 (5th Cir. 1993) ("Statements and arguments made by the attorneys are not evidence and are not to be considered such.").

Plaintiffs were entitled to take discovery to challenge the sworn statements of the Defendants in their Motion to Dismiss. However, Plaintiffs made no attempts to do so. Instead, they have produced a meaningless false affidavit, along with several screenshots from the Defendants' website that actually support the Defendants' position on this Motion. This does not create a prima facie case for personal jurisdiction over the Defendants.

**A. Defendants' Passive Website Is Not Sufficient to Create Personal Jurisdiction.**

As set forth in the Motion, the Defendants website is not an "online store" and does not allow a person who has not contacted CopyLady, Inc. by some other means to do anything on www.copylady.com other than familiarize themselves with the products and services offered. This is a "passive" or "middle" level type website that does not create personal jurisdiction in this forum, if no business has been conducted over the website with Texas residents. *Mink v. AAAA Development LLC*, 190 F.3d 333, 336-37 (5th Cir. 1999); *People Solutions, Inc. v. People Solutions, Inc.*, No. CIV.A.399-CV-2339-L2000, 2000 WL 1030619, at *4 (N.D. Tex. Jul. 25, 2000) (dismissing the case based on lack of personal jurisdiction since there was no evidence that the defendant had actually sold products through its website or contracted to sell products through its website to Texas residents, even though the court held the defendant's website to be

in the middle level of interactivity. The court also stated that the mere "potential" to sell products to Texas residents is not enough to establish personal jurisdiction. *Id*.

In the present case, the website screen shots included in the Plaintiffs' response to the Motion to Dismiss demonstrate that the CopyLady website is at most a "middle" level website and that is not sufficient to create personal jurisdiction over the Defendants. For example, on the screen shot attached to Plaintiffs' response entitled "Contact CopyLady Inc." there are phone numbers, a postal mailing address and an email address. Below that it is stated that "if you would like to have the CopyLady Crew contact you about your document management needs, please click here." The website does not permit potential customers to transact any business online through the website.

Similarly, the page entitled "Client Resource Page" requires a user ID and password that cannot be obtained on the website. The user ID and password are only given to persons who have become customers through other means, not through simply accessing the website.

The Plaintiffs has not and cannot demonstrate that the www.copylady.com website is active, i.e., that the defendant has done "business over the Internet by entering into contracts with Texas residents that involve knowing and repeated transmission of files over the Internet." *Mink*, at 337. The Defendants have not conducted business with Texas residents, either over their website or otherwise. Duff Declaration at pages 1 and 2. Therefore, this Court lacks personal jurisdiction over the Defendants, regardless of the "level" of the website.

## II.  THERE IS NO SUBJECT MATTER JURISDICTION

Plaintiffs offer no evidence of their interstate trademark use as required for standing to sue under the Lanham Act. *See Ultimate Video Plus, Inc. v. Perrine Electronics, Inc.*, No. CIV.A.95-CV-1325, 1996 WL 481542, at *4 (N.D.N.Y. Aug. 22, 1996) (holding that to establish

federal subject matter jurisdiction the Plaintiff must "allege facts sufficient to show that its business is engaged 'in commerce' as the Lanham Act requires." *Id.* at *4; *Buffalo Soldier Motorcycle Club v. Group "B" Buffalo Soldiers, M.C.*, No. 94 C 2855, 1994 WL 406544, at *2 (N.D. Ill. Aug 1, 1994) (explaining that for the court to have jurisdiction under the Lanham Act the plaintiff must first show that it uses its marks in interstate commerce, and then that the defendant's infringement harmed plaintiff's interstate business). Once again, the Plaintiffs have not offered any evidence of their use of the COPYLADY mark beyond mere conclusory assertions.

Specifically, there is no sworn statement of Pamela Sue Gardiner attached to Plaintiffs' Response averring that she or her company have used the mark COPYLADY in interstate commerce. This would seem to be a simple matter, and could constitute actual evidence upon which the Court could base its ruling on the Motion. However, instead of offering evidence in support of their conclusory statements, the Plaintiffs incorrectly argue that their use of the email address copylady@aol.com would be a commercial use of a trademark. However, use of an email address does not qualify as a trademark use under the law. *See* Motion to Dismiss at p. 9. The Plaintiffs incorrectly cite *Universal City Studios, Inc. v. Kamar Industries, Inc.* for the proposition that the Southern District recognizes that "using the Internet to send emails across state lines meets the 'in commerce' requirement of the Lanham Act." *See*, No. CIV.A.H-82-2377, 1982 WL 1278, at *8 (S.D. Tex. Sep. 20, 1982) (lacking even one instance where any of the words "internet," "email," or "in commerce" were used).

### III. VENUE IS IMPROPER

Plaintiffs have submitted no evidence to controvert the fact that venue is improper under 28 U.S.C. §§ 1391(b), (c). No Defendant resides in Texas, the alleged acts giving rise to the

claims did not occur in Texas, and Defendants are not subject to personal jurisdiction in Texas. This action, if meritorious, would have properly been brought in Florida. Accordingly, for the reasons set out in their Motion to Dismiss, pp. 9 to 10, Defendants respectfully submit that venue is improper, and that the action should be dismissed for that reason as well.

## PRAYER FOR RELIEF

Defendants, CopyLady, Inc. and Cynthia Duff, respectfully request that the Court dismiss this action against them pursuant to Rule 12 of the Federal Rules of Civil Procedure.

Respectfully submitted,

**GARDERE WYNNE SEWELL LLP**

_____
Jennifer S. Sickler
State Bar No. 18339600
Thomas C. Wright
State Bar No. 24028146
1000 Louisiana, Suite 3400
Houston, Texas 77002-5007
(713) 276-5382 (Phone)
(713) 276-6382 (Fax)

**ATTORNEYS FOR DEFENDANTS
COPYLADY, INC., AND CYNTHIA DUFF**

## CERTIFICATE OF SERVICE

I hereby certify on this 8th day of December, 2004, that I served a copy of the foregoing Motion and its attachments on all counsel of record via facsimile and CMRRR as follows:

Mr. Ted D. Lee
Gunn & Lee, PC
700 N. St. Mary's St., Suite 1500
Houston, Texas 78205

T. Mark Blakemore
Attorney, Counselor and Mediator
835 E. Levee St., 6th Floor
Brownsville, TX 78520-5101

_____
Jennifer S. Sickler