IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| THE COPYLADY, LLC and PAMELA SUE GARDINER, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. B-04-148 |
| COPYLADY, INC., CYNTHIA A. DUFF, | § § § | |
| Defendants. | § | |

PLAINTIFFS' AMENDED BRIEF IN SUPPORT OF
PLAINTIFFS' RESPONSE TO "COPYLADY, INC.'s MOTION TO DISMISS FOR
LACK OF PERSONAL AND SUBJECT MATTER JURISDICTION AND IMPROPER
VENUE AND BRIEF IN SUPPORT

TO THE HONORABLE DISTRICT JUDGE OF THIS COURT:

Plaintiffs, The Copylady, LLC ("The Copylady") and Pamela Sue Gardiner ("Gardiner")(collectively referred to as "Plaintiffs"), submit their "Amended Brief in Support of Plaintiffs' Response to 'Copylady, Inc.'s Motion to Dismiss for Lack of Personal and Subject Matter Jurisdiction and Improper Venue and Brief in Support'" (hereinafter "Amended Brief") and respectfully correct an oversight made in Plaintiffs' Response.

**I. Background**

Defendants Copylady, Inc. ("CLI") and Cynthia A. Duff ("Duff")(collectively referred to as "Defendants") moved this Court to dismiss Plaintiffs' actions against them, in part, on the basis that this Court lacked subject matter jurisdiction. Plaintiffs

1

inadvertently, incorrectly cited a case in their response to Defendants' contention that this Court lacked subject matter jurisdiction.

**Subject Matter Jurisdiction**

Under this section of Plaintiffs' Response, Plaintiffs' inadvertently made the following averment on p.10 of Plaintiffs' Response:

> Additionally, it is well established, as the Southern District of Texas recognized, that using the Internet to send emails across state lines meets the "in commerce" requirement of the Lanham Act. *Universal City Studios, Inc. v. Kamar Industries, Inc.*, 1982 WL 1278, *8, n.5 (S.D. Tex. 1982)(citing *Intermatic, Inc. v. Toeppen*, 947 F. Supp. 1227, 1239-40 (N.D. Ill. 1996)(holding use of Internet itself, because of its "worldwide nature," sufficient to meet "in commerce" requirement).

The above quoted paragraph should have read as follows:

> Additionally, it is well established, as the *Northern* District of Texas recognized, that using the Internet to send emails across state lines meets the "in commerce" requirement of the Lanham Act. *Bear Stearns Companies, Inc. v. Lavalle*, 2000 WL 3433973, *8, n.5 (S.D. Tex. 1982)(citing *Intermatic, Inc. v. Toeppen*, 947 F. Supp. 1227, 1239-40 (N.D. Ill. 1996)(holding use of Internet itself, because of its "worldwide nature," sufficient to meet "in commerce" requirement).

**Conclusion**

This accidental oversight does not change the conclusion of Plaintiffs' Response. This Court still enjoys personal and subject matter jurisdiction over Defendants. Venue is still proper in this Court.

**Prayer**

WHEREFORE, PREMISES CONSIDERED, Plaintiffs respectfully request that this Court deny Defendants' "Motion to Dismiss for Lack of Personal and Subject Matter

2

Jurisdiction and Improper Venue and Brief in Support" and grant Plaintiffs any other relief, in law or in equity, as the Court may deem proper.

Respectfully submitted,

GUNN & LEE, P.C.
Ted D. Lee
State Bar No. 12137700
700 N. St. Mary's Street, Suite 1500
San Antonio, Texas 78205
210/886-9500
210/886-9883 Fax

T. Mark Blakemore
Attorney, Counselor and Mediator
835 E. Levee St., 6th Floor
Brownsville, TX 78520-5101
956/541-5900
956/541-5905 Fax

By: _____
T. Mark Blakemore
State Bar No. 02431800
Federal Admin. No. 1915

ATTORNEYS FOR PLAINTIFFS

3

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of "Plaintiffs' Amended Brief in Support of Plaintiffs' Response to 'Copylady, Inc.'s Motion to Dismiss for Lack of Personal and Subject Matter Jurisdiction and Improper Venue and Brief in Support'" was served on the following attorney(s) of record on the ___10th___ day of December, 2004:

Jennifer S. Sickler
Thomas C. Wright
Gardere, Wynne, Sewell, LLP
1000 Louisiana, Suite 3400
Houston, Texas 77002-5007

_____
T. Mark Blakemore

G:\TDL\GardinerPamela\CopyLady\Pleadings\Ps AmendedBrief.doc

4