IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

DEC 2 7 2004

Michael N. Milby
Clerk of Court

THE COPYLADY, LLC and §
PAMELA SUE GARDINER, §
   Plaintiffs, §
      §
v.       §  CIVIL ACTION NO. B-04-148
      §
COPYLADY, INC., §
CYNTHIA A. DUFF, §
   Defendants. §

## PLAINTIFFS' INITIAL DISCLOSURES
## PURSUANT TO RULE 26(a)(1)

  Pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure, The CopyLady, LLC and Pamela Sue Gardiner (hereinafter "Plaintiffs") serve CopyLady, Inc. and Cynthia A. Duff (hereinafter "Defendants") with their initial disclosures. These disclosures are made without waiver of and with preservation of:

  1.  All issues as to competency, relevancy, materiality, privilege, and admissibility of matters disclosed herein and the subject matter thereof as evidence for any purposes in the further proceeding of this action (including the trial of this action) and any other action;

  2.  The right to object to the use of any matters disclosed herein, or the subject matter thereof, on any ground in any further proceeding in this action (including the trial of this action) and any other action;

  3.  The right to object on any ground at any time to a demand or a request for further disclosure of matters identified herein, including, but not limited to, request for documents, interrogatories, depositions or other discovery proceedings involving or relating to the subject matter of this controversy; and

4.    The right at any time to revise, correct, add to, supplement or clarify any of the disclosures contained herein.

In the event any matters are inadvertently disclosed, which otherwise fall within the attorney-client and/or attorney work-product privilege, Plaintiffs shall not be deemed to have waived any privilege as to any such disclosure or the information contained therein, or the right to the attorney-client or attorney work-product privilege as to any other matter which arises during the course of this litigation or any subsequent proceeding.

**A.    PERSONS LIKELY TO HAVE DISCOVERABLE INFORMATION THAT PLAINTIFFS MAY USE TO SUPPORT THEIR CLAIMS AND DEFENSES (Fed. R. Civ. P. 26(a)(1)(A)).**

Plaintiffs believe that the following persons and entities may have discoverable information that Plaintiffs may use to support their claims and defenses in the above captioned action:

| | |
|---|---|
| Pamela Sue Gardiner<br>225 Sagua La Grande<br>Brownsville, TX 78526 | President and owner of The CopyLady, LLC. and has knowledge of the operation of The CopyLady, LLC. |
| Cynthia A. Duff | President and owner of CopyLady, Inc. and has knowledge of the operation of CopyLady, Inc. |
| David Yates<br>11533 Charlie's Terrace<br>Fort Myers, FL 33907 | Fact witness having knowledge of the operation of CopyLady, Inc. |

As discovery proceeds in this matter, Plaintiffs may become aware of additional persons who have knowledge of relevant facts.  Plaintiffs hereby reserve the right to supplement these disclosures with additional persons as they become known to Plaintiffs.

**B.    RELEVANT DOCUMENTS THAT PLAINTIFFS MAY USE TO SUPPORT THEIR CLAIMS AND DEFENSES (Fed. R. Civ. P. 26(a)(1)(B))**

Plaintiffs believe the following relevant materials may be used to support their claims and defenses in this matter:

1.    Documents related to the first use by Defendants of "Copylady";

2.    Documents related to Defendants' sales under the designation "Copylady";

3.    Documents related to the advertising and marketing by Defendants' under the designation "Copylady";

4.    Documents related to Defendants' geographical area of business under the designation "Copylady";

5.    Documents related to Defendants' Application Serial No. 78/436,937;

6.    Documents related to the first use by Plaintiffs of "Copylady";

7.    Documents related to Plaintiffs' sales under the designation "Copylady";

8.    Documents related to the advertising and marketing by Plaintiffs' under the designation "Copylady"; and

9.    Documents related to Plaintiffs' geographical area of business under the designation "Copylady".

**C.    COMPUTATION OF DAMAGES (Fed. R. Civ. P. 26(a)(1)(C))**

Given the uncertainty of the scope and extent of Defendants' wrongful conduct, Plaintiffs are not, at this time, able to give a definitive amount of damages.  However, Plaintiffs seek Defendants' profits, damages sustained by Plaintiffs, and increased damages pursuant to 15 U.S.C. §1117, together with interest.  Plaintiffs reserve the right to amend their pleadings with the leave of Court.  Plaintiffs will supplement these disclosures as appropriate.  In addition, to

3

any extent Plaintiffs may be entitled to attorneys' fees and costs of court in the prosecution of this lawsuit, Plaintiffs will seek those damages.

**D.      INSURANCE AGREEMENTS (Fed. R. Civ. P. 26(a)(1)(D))**

Plaintiffs do not believe they have any insurance agreement under which any person carrying on an insurance business may be liable to satisfy all or part of the judgment which may be entered in this action or to indemnify or reimburse for payments to satisfy the judgment.

Respectfully submitted,

GUNN & LEE, P.C.
700 N. St. Mary's St. , Suite 1500
San Antonio, TX 78205
210/886-9500
210/886-9883 Fax

By: _____
Ted D. Lee
State Bar No. 12137700

ATTORNEYS FOR PLAINTIFFS

4

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Plaintiffs' Initial Disclosures Pursuant to Rule 26(a)(1) was served by _Fax Ex_____, on the following attorney(s) of record on the 22[th] day of December, 2004:

Jennifer S. Sickler
Thomas C. Wright
Gardere, Wynne, Sewell, LLP
1000 Louisiana, Suite 3400
Houston, Texas 77002-5007

_____
Ted D. Lee

G:\TDL\GardnerPamela\CopyLady\Pleadings\Plfs Initial Disclosures.doc