IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| THE COPYLADY, LLC and<br>PAMELA SUE GARDINER,<br><br>Plaintiffs,<br><br>v.<br><br>COPYLADY, INC., and<br>CYNTHIA A. DUFF,<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. B-04-148 |

**COPYLADY, INC.'S REPLY TO PLAINTIFFS' SUPPLEMENTAL
RESPONSE TO THE MOTION TO DISMISS FOR LACK OF
JURISDICTION AND IMPROPER VENUE**

Defendants, CopyLady, Inc. ("CopyLady") and Cynthia Duff ("Duff") (collectively, "Defendants"), file this Reply to Plaintiff's Supplemental Response to the pending motion to dismiss.

**I.
INTRODUCTION**

Plaintiffs filed a supplemental response brief to Defendants' pending Motion to Dismiss shortly before the March 4, 2005 hearing. As set forth below, neither the Plaintiffs' Supplemental Response, nor the approximately 1100 pages of documents attached to Plaintiffs' Supplemental Response as an exhibit, succeed in carrying the Plaintiffs' burdens with respect to defeating the Motion to Dismiss. Plaintiffs have not identified a single contact with Texas that is sufficient to create either general or specific personal jurisdiction. This Reply is filed in support of the arguments made by counsel for the Defendants at the March 4, 2005 hearing.

## II.
## ARGUMENTS AND AUTHORITIES

### A. Plaintiffs Offer No Evidence That Defendants' Website is "Interactive"

Plaintiffs simply state that the position they took with respect to Defendants' website in their initial response to the Motion to Dismiss "remains unchanged," and cite to the *Mink* case again. Supp. Resp. at 3. *Mink v. AAAA Development LLC*, 190 F.3d 333, 337 (5th Cir. 1999). CopyLady has previously established that it does not operate an "internet store", and thus, its website does not provide a basis for personal jurisdiction. Most importantly, Plaintiffs, after requesting and receiving both documents and answers to interrogatories, have not argued that a single sale was made to a resident of Texas by Defendants. The situation is exactly the same as that in *Mink*, where the Court stated, "[t]here is no evidence that [Defendant] conducted business over the Internet by engaging in business transactions with forum residents or by entering into contracts over the Internet." *Id.* at 337 (5th Cir. 1999) (emphasis added). The Defendants' passive website does not provide a basis for personal jurisdiction.

### B. Defendants Have Made No Sales to Texas

As the volume of documents that Plaintiffs attached to their Supplemental Response show, the Defendants have not sold a single item to a Texas resident. The Supplemental Response refers to "extensive business dealings with two vendors in Texas." The operative word in the argument is "vendors." The Defendants have bought copier equipment from both the NEC and Kyocera corporations (located in Northern Texas). Further Defendants dispute that their business dealings with the vendors have been "extensive". The Defendants have sent two employees to Northern Texas for a total of 13 days for training in the use and repair of the equipment purchased there. On one other occasion, Cynthia Duff, the President of Copy Lady,

traveled to Texas to receive recognition from NEC for Copy Lady, Inc.'s purchases of NEC equipment and to attend a presentation of NEC's new line of products.

These facts are directly analogous to the facts in *Helicopteros*, where purchases and training of employees was insufficient to create personal jurisdiction. *Helicopteros Nacionales De Columbia v. Hall,* 466 U.S. 408, 411 (1984). The Supreme Court stated, "we hold that mere purchases, even if occurring at regular intervals, are not enough to warrant a State's assertion of in personum jurisdiction over a nonresident corporation in a cause of action not related to those transactions. *Id*. at 418.

### C. CopyLady's Purchase of Goods Cannot Infringe Plaintiffs' Alleged Service Mark Rights

In a last gasp attempt to create personal jurisdiction where none exists, Plaintiffs argue that CopyLady's "purchases made and training of personnel demonstrates blatant trademark infringement in Plaintiffs' (sic) own backyard." Supp. Resp. at 6. Plaintiffs cite to the fact that "'CopyLady' is clearly visible on each and every invoice, purchase order and pick list submitted." Supp. Resp. at 4. These arguments fail for a number of reasons.

To begin with, there are no services being sold or offered for sale by CopyLady in Texas. Kyocera and NEC are selling <u>goods</u> to CopyLady that are marked with the NEC and KYOCERA marks. CopyLady's purchase orders for the goods of third parties, and other related documents, is use of a company name or trade name, not trademark usage. *See Application of Chicago Rawhide Mfg. Co*., 455 F.2d 563 (C.C.P.A. 1972). The appearance of the trade name CopyLady on such documents cannot be infringement of a service mark, when there are no sales, or offers for sale, of services by the Defendants.

Additionally, the Defendants were the "consumers" in the purchases from NEC and Kyocera. Thus, there could be no likelihood of consumer confusion, as is required by trademark

law, for infringement to exist. *Westchester Media v. PRL USA Holdings, Inc.*, 214 F.3d 658, 663 (5th Cir. 2000)(Plaintiff "must show that [the accused infringer's] use of the [] mark creates a likelihood of confusion in the minds of potential consumers."). As the claims in this case do not "arise from," nor are they 'directly related to," CopyLady's purchases of copiers from NEC and Kyocera, no personal jurisdiction arises from CopyLady's vendor purchases. *Mink,* 190 F.3d at 336.

    D.  **No Authority for Personal Jurisdiction Arising from the Sending of a Single Letter**

Defendants cited authority in their Motion to Dismiss demonstrating that the sending of a cease and desist letter into a jurisdiction is not sufficient to create specific personal jurisdiction. Mot. To Dismiss at 4. Plaintiffs argue in conclusory fashion that the letter creates jurisdiction, but offer no support for that position.

### III.
### CONCLUSION

Plaintiff has not alleged a single contact by Defendants with Texas sufficient to create personal jurisdiction over them. Consequently, Defendants respectfully request dismissal of this case. If the Court decides to transfer the case, rather than dismiss it, then Defendants request transfer to the Middle District of Florida, the district in which this case could have been brought originally.

Respectfully submitted,

**GARDERE WYNNE SEWELL LLP**

/Jennifer S. Sickler/ by permission TCW
Jennifer S. Sickler
State Bar No. 18339600
Thomas C. Wright
State Bar No. 24028146
1000 Louisiana, Suite 3400
Houston, Texas 77002-5007
(713) 276-5382 (Phone)
(713) 276-6382 (Fax)

**ATTORNEYS FOR DEFENDANTS
COPYLADY, INC. and CYNTHIA A. DUFF**

**CERTIFICATE OF SERVICE**

I hereby certify on this 7th day of March, 2005, that I served a copy of the foregoing

Reply brief on all counsel of record as follows:

| | |
|---|---|
| Mr. Ted D. Lee<br>Gunn & Lee, PC<br>700 N. St. Mary's St., Suite 1500<br>Houston, Texas 78205 | via CMRRR |
| T. Mark Blakemore<br>835 East Levee Street, 6th Floor<br>Brownsville, TX  78520-5101 | Electronic Notification via ECF |

/Thomas C. Wright/
Thomas C. Wright