United States District Court
Southern District of Texas
FILED

MAR 0 7 2005

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| THE COPYLADY, LLC and PAMELA SUE GARDINER, Plaintiffs, | § § § § | |
| v. | § § | CIVIL ACTION NO. B-04-148 |
| COPYLADY, INC., CYNTHIA A. DUFF, Defendants. | § § § § | |

## PLAINTIFFS' SUPPLEMENTAL RESPONSE TO "COPYLADY, INC.'s MOTION TO DISMISS FOR LACK OF PERSONAL AND SUBJECT MATTER JURISDICTION AND IMPROPER VENUE AND BRIEF IN SUPPORT"

TO THE HONORABLE DISTRICT JUDGE OF THIS COURT:

Plaintiffs, The Copylady, LLC ("The Copylady") and Pamela Sue Gardiner ("Gardiner")(collectively referred to as "Plaintiffs"), submit their "Supplemental Response to 'Copylady, Inc.'s Motion to Dismiss for Lack of Personal and Subject Matter Jurisdiction and Improper Venue and Brief in Support'" (hereinafter "Plaintiffs' Supplemental Response") and respectfully show that this Court has personal jurisdiction over both Copylady, Inc. ("CLI") and Cynthia A. Duff ("Duff")(collectively referred to as "Defendants"). Further, this Court has subject matter jurisdiction over the claims in this action and venue is also proper in this Court. These latter two issues were fully briefed in Plaintiffs' Response.

### I. Background

On December 10, 2004, at the Initial Pretrial and Scheduling Conference, Plaintiffs were allowed to conduct discovery restricted to jurisdictional issues to

determine whether this Court could properly exercise personal jurisdiction over Defendants. Jurisdictional discovery has now ended.[1] Notwithstanding entry of a Stipulated Protective Order to protect confidential or trade secret information of the parties[2], Defendants redacted all financial information relating to their contacts with Texas.[3] Therefore, it is uncertain at this time to ascertain the extent to which Defendants expended or received monies from their contacts with Texas. Additionally, several documents provided by Defendants are not legible or even appear blank.[4] Despite these shortcomings, Plaintiffs now bring forth strong evidence further supporting that personal jurisdiction exists.[5]

## II. Authority and Arguments

A.  **Personal Jurisdiction**

This Court can constitutionally exercise personal jurisdiction over a defendant if (1) the defendant has "minimum contacts" with the forum state and (2) the exercise of such jurisdiction does not "offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). If the defendant has "continuous and systematic" contacts with the forum state, then the court can exercise jurisdiction over the defendant generally. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414-415 (1984); *Wilson*, 20 F.3d at 647. When the cause of action is related to or arises from the defendant's contacts with the forum state, then the court has specific jurisdiction over the defendant for that cause of action. *Burger King Corp. v. Rudzewicz*,

---

[1] The jurisdictional discovery deadline was March 1, 2005.
[2] Stipulated Protective Order, entered February 23, 2005.
[3] Exhibit A, Letter from Jennifer Sickler to Ted Lee, February 23, 2005.
[4] Exhibit B, E.g., Bates Nos. CLI001081-CLI001086, CLI001486-CLI001491.
[5] Pursuant to Section 11 of the Stipulated Protective Order, and also Local Rule LR7.7, discovery production material in support of this Supplemental Response is filed under seal with this Court.

471 U.S. 462, 474 (1985); *Wilson v. Belin*, 20 F.3d 644, 647 (5th Cir. 1994). In Texas, the number of contacts with the forum state is not, alone, determinative of whether specific personal jurisdiction exists. *Ham v. La Cienega*, 4 F.3d 413, 415 (5th Cir. 1993). Even a single contact can be sufficient. *McGee v. International Life Insurance Co.*, 355 U.S. 220, 223 (1957).

Finally, the Fifth Circuit adopted a "sliding scale" approach in determining when to exercise personal jurisdiction over a defendant who operates an Internet website **without other contacts** with the forum state. *Mink v. AAAA Development LLC*, 190 F.3d 333, 336 (5th Cir. 1999)(emphasis added). However, while Plaintiffs' legal position, as set out in their Response, remains unchanged, this Court need not limit its jurisdictional determination on Defendants' website. Recent jurisdictional discovery reveals that there are substantial **other contacts** between Defendants and Texas.

**1.    Defendants' Business Activities in Texas and Letter Confer Specific Jurisdiction.**

Defendants contend that they have not met the requisite minimum contacts threshold necessary for either general or specific personal jurisdiction. In fact, Defendants' Motion to Dismiss is replete with statements to the effect that they had no contacts with Texas other than the sending of a cease-and-desist letter to Plaintiffs.[6]

---

[6] Defendants' Motion to Dismiss, p.1 ("Ms. Duff has never conducted any business in Texas as either an individual or in her capacity as President of CopyLady, Inc."); p. 4 ("CopyLady's sole contact with Texas was through a letter sent by CopyLady's counsel to Plaintiff."); p.4 ("Furthermore, Cynthia Duff has had no contacts with Texas."); p.7 ("Requiring CopyLady or Ms. Duff to come to Texas to defend themselves against allegations of trademark infringement that have absolutely no connection to Texas is a clear burden that should not be imposed upon a [sic] either defendant."); p.7 ("Texas has no interest in adjudicating this lawsuit because Defendants have not done business or otherwise interacted with the State in any manner that implicates the laws of Texas."); p.8 ("...neither Defendant has ever conducted business in Texas..."); p.10 ("[Defendants] have never been to Texas..."); *see also* Declaration of Cynthia A. Duff, ¶5 ("CopyLady's sole contact with Texas was through a letter sent by CopyLady's counsel to Plaintiff...Within the course of its business, CopyLady does not maintain 'continuous and systematic'

However, Defendants' discovery responses and production reveal a completely different story. There are, in fact, a substantial number of contacts between Defendants and Texas. Each of Plaintiffs' causes of action relates to or arises from each of those contacts.

Defendants purposefully engaged in extensive business dealings with two vendors in Texas: one with locations in Dallas and Irving[7] and another in Irving.[8] Defendants purchased substantial amounts of equipment from these two vendors on a continuous and systematic basis during the course of these business relationships. These purchases are evidenced by invoices, purchase orders, and pick lists between Defendants and their Texas vendors.[9] Far from being brief and intermittent, these invoices, purchase orders, and pick lists date as far back as July 7, 2002[10] and run through February 14, 2005.[11]

Defendants' infringing trademark, "CopyLady", is clearly visible on each and every invoice, purchase order, and pick list submitted.[12] Moreover, Defendants also advertised their website, www.copylady.com, on several of their purchase orders.[13] Plaintiffs' Complaint alleged that Plaintiffs use their mark "to identify *in the State of Texas* and through the United States, copying services being provided hereunder."[14] The invoices, picking lists, and purchase orders clearly illustrate Defendants' use of Plaintiffs'

---

contacts with the State of Texas, and neither do I."); Declaration of Cynthia A. Duff, ¶6 ("Neither CopyLady nor I conduct regular business in Texas.").
[7] Exhibit B, Bates Nos. CLI0000009-CLI0000033.
[8] Exhibit B, Bates Nos. CLI0000034-CLI0000057.
[9] Exhibit B, Bates Nos. CLI000452-CLI000829; CLI000861; CLI000871-CLI000877; CLI000891-CLI000895; CLI000898; CLI000902-CLI000908; CLI000918-CLI000920; CLI000940; CLI000980-CLI000982; CLI001001-CLI001728.
[10] Exhibit B, Bates No. CLI001587.
[11] Exhibit B, Bates No. CLI000810.
[12] Exhibit B, Bates Nos. CLI000452-CLI000829; CLI000861; CLI000871-CLI000877; CLI000891-CLI000895; CLI000898; CLI000902-CLI000908; CLI000918-CLI000920; CLI000940; CLI000980-CLI000982; CLI001001-CLI001728.
[13] Exhibit B, E.g., Bates Nos. CLI001149-CLI001167.
[14] See Plaintiffs' Complaint, August 20, 2004, p.6, ¶ 29 (emphasis added).

mark "to identify *in the State of Texas* and throughout the United States, copying services being provided thereunder."

Plaintiffs' Interrogatory No. 4 inquired about "all instances since January 1, 1994, where Defendants traveled to Texas and/or the Southern District of Texas, e.g., to make sales calls, attend conferences, trade shows, service and/or install equipment, etc., including the purpose of the travel, the date(s), and the length of time (in days) spent in Texas." Defendants responded that three of their representatives traveled to Texas.[15] One employee attended a ten (10) day training session in Irving, Texas.[16] A second employee attended a three (3) day training session in Dallas, Texas.[17] Finally, Duff personally attended a three (3) day awards ceremony in Texas.[18] Defendants failed to indicate where the awards ceremony was held and only stated that Duff took a "trip to Texas."[19] All of these events occurred in Texas. All of these events were intended to further Defendants' business.

Additionally, Defendants sent a letter to Plaintiffs in the Southern District of Texas alleging trademark infringement.[20] Specifically, the letter stated that Plaintiffs' use of their own mark "is causing confusion as evidenced by a common vendor" and that "use of the same mark [COPYLADY] with the same services is not only an infringement of our client's servicemark rights, but also constitutes unfair competition and a dilution of the distinctiveness of our client's mark."[21]

---

[15] Exhibit C, Defendants' Answer to Interrogatory No. 4, page 7.
[16] *Id.*
[17] *Id.*
[18] *Id.*
[19] Exhibit B, Bates No. CLI0000007.
[20] Plaintiffs' Complaint, August 20, 2004, p.4, ¶ 14.
[21] Plaintiffs' Complaint, August 20, 2004, Exhibit A.

Defendants cite *Helicopteros*, contending "the fact that CopyLady, Inc. has two suppliers in Texas does not create personal jurisdiction over it in Texas."[22] Defendants' reliance on *Helicopteros* is simply misplaced. This case is easily distinguishable from *Helicopteros*. In *Helicopteros*, the Supreme Court held that the foreign corporation's contact with Texas were insufficient to confer **general** personal jurisdiction over the corporation in a wrongful death action.[23] The Court concluded that the one trip to Texas by the corporation's chief executive officer for the purpose of negotiating a transportation services contract was not continuous and systematic, the acceptance of checks drawn on a Texas bank were of negligible significance, and the purchases of helicopters and equipment from a Texas manufacturer and related training trips did not relate to plaintiffs' wrongful death cause of action.[24]

In this case, Defendants have not one, but two contracts with two different companies in Texas. This is not a wrongful death action, but instead a trademark infringement suit. Defendants' business activities with these two vendors in Texas, including purchases made and training of personnel, demonstrates blatant trademark infringement in Plaintiffs' own backyard. Plaintiffs' actions against Defendants undeniably relate to or arise from Defendants' contacts with the forum state. This Court thus has specific jurisdiction over Defendants for Plaintiffs' causes of action. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985); *Wilson*, 20 F.3d at 647.

2.    **Personal Jurisdiction Proper Over Both Defendants.**

As a general rule, jurisdiction over an individual cannot be based on jurisdiction over a corporation, even if the court has jurisdiction over the corporation itself. *Stuart v.*

---

[22] Exhibit A, Letter from Jennifer Sickler to Ted Lee, February 23, 2005.
[23] *Helicopteros*, 466 U.S. 408 (emphasis added).
[24] *Id.*

*Spademan*, 772 F.2d 1185, 1197 (5th Cir. 1985). However, this fiduciary shield doctrine does not apply where the corporation is the alter ego of the individual or when the individual's actions are motivated by fraud or personal interest. *Lewis v. Fresne*, 525 F.3d 352, 359, n.6 (5th Cir. 2001); *Stuart*, 772 F.2d at 1198, n.12.

As pointed out and fully supported in Plaintiffs' Response, Duff is the sole corporate officer and director of CLI. Duff directed CLI to reach into the boundaries of Texas in order to conduct business in Texas for commercial gain and personal interest. Duff cannot now hide behind the fiduciary shield doctrine to immunize herself from this Court's jurisdiction. The Court's jurisdiction over CLI is necessarily attributed to Duff. Thus, personal jurisdiction, whether general or specific, is proper as to both Defendants.

3. **Jurisdiction Over Defendants Does Not Offend Traditional Notions.**

Plaintiffs are entitled to choose a convenient, readily accessible forum and to maintain this action in the locale where their alleged injury was sustained rather than a distant forum. As illustrated in Defendants' production, Defendants were, in fact, using Plaintiffs' mark, "CopyLady," in Texas for the same goods and/or services as Plaintiffs. A likelihood of confusion existed and continues to exist. Further, Defendants' demand letter demanded that Plaintiffs cease use of Plaintiffs' own mark in Texas. Under each of these scenarios, it is clear that Plaintiffs' injury arose in Texas. In evaluating the various relevant considerations, jurisdiction over Defendants comports with due process and, thus, is proper.

### Conclusion

This Court enjoys personal jurisdiction over Defendants. The discovery in this case unequivocally demonstrates that, unlike *Helicopteros*, Plaintiffs' causes of action

relate to or arise from Defendants' use of Plaintiffs' mark in Texas throughout its business relationships in Texas sufficient to confer specific jurisdiction. Plaintiffs satisfied their burden of demonstrating this Court's jurisdiction over Defendants. *Wilson v. Belin*, 20 F.3d 644, 648 (5th Cir. 1994). Such exercise of personal jurisdiction over Defendants does not offend traditional notions of fair play and substantial justice. Further, for reasons already stated in Plaintiffs Response to 'Copylady, Inc.'s Motion to Dismiss for Lack of Personal and Subject Matter Jurisdiction and Improper Venue and Brief in Support,'" this Court has subject matter jurisdiction over this case and venue is proper in this Court.

## Certificate of Conference

On March 3, 2005, Miguel Villarreal, Jr., attorney for Plaintiffs, conferred with Ms. Jennifer Sickler and Mr. Thomas Wright, counsel for Defendants, and they stated that they were not opposed to this Supplemental Response. Additionally, they agreed that citations to particular Bates Numbered documents used herein as exhibits would suffice as their copies of same.

## Prayer

WHEREFORE, PREMISES CONSIDERED, Plaintiffs respectfully request that this Court deny Defendants' "Motion to Dismiss for Lack of Personal and Subject Matter Jurisdiction and Improper Venue and Brief in Support," order Defendants to file their Answer to Plaintiffs' Complaint within thirty (30) days of this Court's signing of the proposed Order, and grant Plaintiffs any other relief, in law or in equity, as the Court may deem proper.

Respectfully submitted,

GUNN & LEE, P.C.
Ted D. Lee
State Bar No. 12137700
Miguel Villarreal, Jr.
State Bar No. 24042095
700 N. St. Marys Street, Suite 1500
San Antonio, Texas 78205
210/886-9500
210/886-9883 Fax

T. Mark Blakemore
Attorney, Counselor and Mediator
835 E. Levee St., 6th Floor
Brownsville, TX 78520-5101
956/541-5900
956/541-5905 Fax

By: _____
T. Mark Blakemore
State Bar No. 02431800

ATTORNEYS FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of "Plaintiffs' Supplemental Response to 'Copylady, Inc.'s Motion to Dismiss for Lack of Personal and Subject Matter Jurisdiction and Improper Venue and Brief in Support'" was served via email on March 3, 2005 and via hand delivery on the following attorney(s) of record on the 4th day of March, 2005:

Jennifer S. Sickler
Thomas C. Wright
Gardere, Wynne, Sewell, LLP
1000 Louisiana, Suite 3400
Houston, Texas 77002-5007

_____
T. Mark Blakemore

G:\TDL\GardinerPamela\CopyLady\Pleadings\P'sSuppResptoMtnDismiss.doc