Case 1:04-cv-00148   Document 22   Filed in TXSD on 03/23/2005   Page 1 of 7

United States District Court
Southern District of Texas
ENTERED

MAR 23 2005

Michael N. Milby, Clerk of Court
By Deputy Clerk _____

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| THE COPYLADY, LLC and, | § | |
| PAMELA SUE GARDINER, | § | |
|     Plaintiffs, | § | |
| | § | |
| vs. | § | CIVIL ACTION No. B-04-148 |
| | § | |
| COPYLADY, INC. and | § | |
| CYNTHIA A. DUFF, | § | |
|     Defendants. | § | |

### MAGISTRATE JUDGE'S REPORT & RECOMMENDATION

**I.
INTRODUCTION**

CopyLady, LLC and Pamela Sue Gardiner (hereinafter "Plaintiffs'") brought suit against CopyLady, Inc. and Cynthia A. Duff (hereinafter "Defendants'") raising claims of false designation of origin and unfair competition pursuant to Section 43(a) of the Lanham Act.[1] On February 23, 2005, United States District Judge Andrew S. Hanen entered a Stipulated Protective Order to protect confidential or trade secret information of the parties.[2]

Pending before the Court is Defendants' Motion to Dismiss for Lack of Personal and Subject Matter Jurisdiction and Improper Venue and Brief in Support.[3] After due consideration of the motion, response, reply, and the applicable law, the Magistrate Judge recommends that the District Judge **GRANT** Defendants' Motion to Dismiss for Lack of Personal Jurisdiction.

---

[1] 15 U.S.C § 1125(a); Docket No. 1

[2] Docket No. 18

[3] Docket No. 9

## II.
## BACKGROUND[4]

Plaintiff (CopyLady, L.L.C) is a limited liability company ("L.L.C") and maintains its principal place of business in Brownsville, Texas. Plaintiff (Gardiner) is an individual residing in the State of Texas. Plaintiffs' have been in the copying business for over twenty-eight years gaining recognition in the Brownsville community as "the copylady".[5] In 1997, Plaintiff Gardiner established an email address as "copylady@aol.com". On September, 29, 2002, Plaintiff Gardiner incorporated her business as COPYLADY, L.L.C.

Defendant (CopyLady, Inc.) is a Florida corporation maintaining its principal place of business in Florida. Defendant (Duff) is an individual residing in the State of Florida. Despite the fact that Defendants' designed a website under the domain name "www.copylady.com", they assert they never conducted any business in Texas.

The dispute between the parties arose after Defendants' applied to register COPYLADY in the U.S. Patent and Trademark Office on July 17, 2004. On July 26, 2004, Defendants' sent Plaintiffs' a "cease and desist" letter to refrain from using the COPYLADY mark.[6] Plaintiffs' filed the above-referenced cause of action on August 20, 2004 after receiving the letter.

---

[4] Unless otherwise stated, the following facts are derived from "Defendants' Motion to Dismiss"; Docket No. 9 and from "Plaintiffs' Response to Defendants' Motion to Dismiss"; Docket No. 10.

[5] Pl.'s Orig. Comp.; Docket No. 1, ¶ 8

[6] Pl.'s Orig. Comp.; Docket No. 1, Exhibit A

## III.
## CLAIMS OF THE PARTIES

### a) *Plaintiffs' Claim*

Plaintiffs' claim rests on two grounds. First, they assert that Defendants' website is "readily accessible by anyone who has Internet access."[7] Their contention is that Defendants' website is *not* passive. As such, they claim that personal jurisdiction may be asserted since Defendants' "[chose] []to market, advertise, or sell their products and services in Texas."[8]

Second, Plaintiffs' claim that "Defendants' purposefully engaged in extensive business dealings with two vendors in Texas."[9] With regard to their "extensive business dealings" claim, Plaintiffs' allege that dealing with two vendors in Texas is enough to satisfy the minimum contacts requirement.[10]

### b.) *Defendants' Claim*

In Defendants' Motion to Dismiss, they claim the website "www.copylady.com" is not sufficient to create personal jurisdiction. Specifically, they claim this website is a "passive" or "middle" tier website since "no business was conducted over the website with Texas residents."[11]

With regard to Plaintiffs' "extensive business dealings" claim, Defendants' argue that no sales, or offers for sale occurred in Texas. Specifically, they claim that they made purchases from

---

[7] Pl.'s Resp. to Defs' Mot. to Dismiss; Docket No. 10, pg. 4.

[8] Pl.'s Resp. to Defs' Mot. to Dismiss; Docket No. 10, pg. 6.

[9] Pl.'s Supp. Resp. to Defs' Mot. to Dismiss, Docket No. 20.

[10] Pl.'s Supp. Resp. to Defs' Mot. to Dismiss, Docket No. 20.

[11] Defs' Reply in Support of its Mot. to Dismiss; Docket No. 12, pg. 2

two vendors located in Texas. However, that is not sufficient to confer personal jurisdiction.[12]

## IV.
## DISCUSSION

### 1.) *Jurisdiction*

The burden of establishing a prima facie case for jurisdiction over a nonresident defendant rests on the plaintiff. *Stuart v. Spademan*, 772 F.2d 1185, 1192 (5th Cir. 1985); *Allred v. Moore & Peterson*, 117 F.3d 278, 280 (5th Cir. 1997).

Personal jurisdiction may be exercised over a non-resident defendant when the defendant has "certain minimum contacts" with the forum state "such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Ruston Gas Turbines, Inc. v. Donaldson Co., Inc.*, 9 F.3d 415, 418 (5th Cir. 1993) (*citing International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)(citations omitted)). Minimum contacts must have a basis in "some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Burger King Corp v. Rudzewicz*, 471 U.S. 462, 475 (1985).

#### a.) Website

Plaintiffs' maintain that jurisdiction is proper in Texas based on Defendants' Internet website "www.copylady.com". The Fifth Circuit has addressed claims of jurisdiction over defendants who operate Internet websites. *Mink v. AAAA Development LLC*, F.3d 333, 336, 337 (5th Cir. 1999). The approach was adopted from *Zippo Mfg. Co. v. Zippo Dot Com, Inc.*, 952 F.Supp. 1119, 1124 (W.D.Pa. 1997). The jurisdictional test is the "nature and quality of commercial activity that an entity conducts over the Internet." *Mink*, 190 F.3d at 336 (*citing*

---

[12] Def's Reply to Pl.'s Supp. Resp. to Defs' Mot. to Dismiss, Docket No. 19, pg. 2-3

*Zippo Mfg. Co*, 952 F.Supp. at 1124). The test examines Internet activities in relation to a spectrum of three areas. *Id.*

At one end of the spectrum is the situation where a defendant clearly does business over the Internet by entering into contracts with residents of other states. *Id.* In that situation, personal jurisdiction is proper. *Id.*

In the middle of the spectrum is where defendants' allow their users to exchange information with a host computer. In this case, "jurisdiction is determined by the level of interactivity and commercial nature of the exchange of information that occurs on the [website]." *Id.*

At the other end of the spectrum, is "passive" website which do nothing more than provide information and advertising to those who access the site. *Id.* With passive website there is no basis for personal jurisdiction over the owner of the site. *Id.* In the instant case, Defendants' website is used solely as advertising.

### i) Passive website

Defendants' contend that their Internet website is insufficient to subject it to this court's jurisdiction. Specifically, they contend "www.copylady.com" is a "passive" website. The court agrees. Attached to Plaintiffs' Complaint[13] is the printed screen from the website "www.copylady.com". The site displays the phone number; address; email address; client log-in; and information about services offered. "[The] presence of an electronic mail access, a printable order form, and a toll-free phone number on a website, without more, is insufficient to establish personal jurisdiction." *Mink*, 190 F.3d at 337. In the instant case, "www.copylady.com" website

---

[13] Docket No. , Pls' Comp. Exhibit A

does not allow for business transactions or entering into contracts to be conducted online. The absence of an order form determines that the site was primarily used for advertising and not for purchasing products online.

After a review of the entire record, there is not one single document evidencing a sale *via* the Internet to Texas residents. The Fifth Circuit has stated that "[a]bsent a defendant doing business over the Internet or sufficient interactivity with resident of the forum state, we cannot conclude that personal jurisdiction is appropriate." *Id.* The absence of sales to Texas customers *via* "www.copylady.com", precludes personal jurisdiction in this case.

### b.) Defendants' Two Vendors in Texas

Plaintiffs' contend that Defendants' engaged in "extensive business dealing with two vendors in Texas." Defendants' did indeed buy copier equipment from two vendors in Texas. The record contains documents evidencing purchase orders, and invoices, dating back to July 2002. However, Defendants' themselves did not extend to sell or offer to sell their goods and services to any Texas residents. Here, they were the *consumers* who *purchased* goods from two Texas vendors. Defendants' were *not* the vendors.

Additionally, the fact that Defendants' employees traveled to Texas for a training session does not establish jurisdiction. Defendants' employees' presence in Texas for the purpose of attending the training sessions is not sufficient to create personal jurisdiction. *Helicopteros Nacionales De Columbia v. Hall*, 466 U.S. 408, 411 (1984).

## V.
## RECOMMENDATION

For the reasons stated herein, the Magistrate Judge recommends that the District Judge **GRANT** "Defendants' Motion to Dismiss for Lack of Personal Jurisdiction and Subject Matter

Jurisdiction and Improper Venue".

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415 (5th Cir. 1996).

DONE at Brownsville, Texas, this 23rd day of March, 2005.

　　　　　　　　　　　　　　　　　　　　John Wm. Black
　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge