IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| THE COPYLADY, LLC and § | | |
| PAMELA SUE GARDINER, § | | |
| § | | |
| Plaintiffs, § | | |
| § | | |
| § | | |
| § | Civil Action No. B-04-148 | |
| § | [1:04-cv-148] | |
| v. § | | |
| § | | |
| COPYLADY, INC., § | | |
| CYNTHIA A. DUFF, § | Judge Andrew S. Hanen | |
| § | | |
| Defendants. § | | |

**DEFENDANTS' RESPONSE TO PLAINTIFFS' OBJECTIONS TO
REPORT AND RECOMMENDATION OF MAGISTRATE BLACK**

Plaintiffs' objections to Magistrates Black's Report and Recommendation are facially flawed, as set forth below, and should be rejected. Defendants respectfully request that the Court adopt the Magistrate Judge's Report and Recommendation as written.

**A.    Defendants' Website Is Not Interactive And The Evidence Confirms This**

In numbered paragraph 1 of their Objections, Plaintiffs challenge the Magistrate's classification of Defendants' www.copylady.com website as passive. Plaintiffs identify features which they admit require "the entry of a user identification code and password." The Plaintiffs were unable to acquire the necessary password and user code. As the Defendants' set forth in their reply in support of their motion to dismiss for lack of jurisdiction, the required identification code and password cannot be obtained through the website. Resp. to Mot. at 2.

All potential customers must communicate with the Defendants by telephone or regular mail before they can receive the required password and identification code. Resp. to Mot. at 3.

This does not meet the standard of an interactive website as set forth in *Mink v. AAAA Development LLC*, 190 F.3d 333, 336 (5th Cir. 1999). Even if the website were sufficiently interactive to allow for direct sales, it would still be necessary for Plaintiffs to show that Defendants actually made sales to Texas residents over the website before the website interaction would be sufficient to create personal jurisdiction. *People Solutions, Inc. v. People Solutions, Inc.*, 2000 WL 1030619 at *4 (N.D. Tex. Jul. 25, 2000) ("Although Defendant appears to have the potential to interact with, sell products to, and contract with Texas residents on its web site, the evidence does not support a finding that this level of activity has taken place.). There is no evidence in this case of sales, offers for sale, or contracts for sale to Texas residents by Defendants, because no such activity has taken place.

**B.   Magistrate Black's Analysis Was Proper And Reached the Correct Result**

In numbered paragraph 2 of the Objections, Plaintiffs attempt to bootstrap their argument that Defendants' website is interactive by complaining that the Magistrate failed to take into account the "cumulative effect" of the Defendants' contacts with Texas and their website. As set forth above, the Plaintiffs have failed to point to a single feature of the Defendants' website that could reasonably be used to classify the website as interactive. Thus, there was no "cumulative effect" for the Magistrate to consider.

Plaintiffs also object to Magistrate Black's failure to consider the "cumulative effect" of the cease and desist letter sent to Plaintiffs by the Defendants. Once again, the Plaintiffs ignore the record in this case. Defendants have cited, *Ham v. La Cienega Music Co.*, 4 F.3d 413, 416, n. 14 (5th Cir. 1993), to demonstrate that a single cease and desist letter sent into a jurisdiction

does not create personal jurisdiction. Plaintiffs have not cited contrary authority previously or in their Objections. Once again, there was no "cumulative effect" for Magistrate Black to consider, so there was no error.

Finally, Plaintiffs' assertion that "Defendants' confused vendors are headquartered in Texas," is utterly without support. Magistrate Black explicitly considered the fact that Defendants have purchased, not sold, products from Texas, and that the vendors that sold goods to the Defendants trained the Defendants' employees. Mag. Jud. Rep. Rec. at 6. He made proper findings, supported by authority, that Defendants' actions do not create personal jurisdiction.

**C.   Conclusion**

The facts of this case are simply this: the Defendants have not made a single sale to any person or business in Texas, either through traditional means or over the Internet. Accordingly, Defendants respectfully request that the Court adopt Magistrate Black's Report and Recommendations and dismiss this case.

| Dated:  April 15, 2005 | Respectfully submitted, <br><br> _____/s/_____ <br> Jennifer S. Sickler <br> Texas Bar No. 18339600 <br> Thomas C. Wright <br> Texas Bar No. 24028146 <br> GARDERE WYNNE SEWELL LLP <br> 1000 Louisiana, Suite 3400 <br> Houston, Texas 77002-5007 <br> 713-276-5382 (Telephone) <br> 713-276-6382 (Facsimile) <br><br> **ATTORNEYS FOR DEFENDANTS** |
|---|---|

**CERTIFICATE OF SERVICE**

  I hereby certify that a true and correct copy of the foregoing document has been served upon all counsel of record by as indicated below on this 15th day of April, as follows:

| | |
|---|---|
| Mr. Ted D. Lee<br>Gunn & Lee, PC<br>700 N. St. Mary's St., Suite 1500<br>Houston, Texas 78205 | VIA FIRST CLASS MAIL |
| T. Mark Blakemore<br>835 E. Levee Street, Sixth Floor<br>Brownsville, TX 78520-5101 | VIA FIRST CLASS MAIL |

             _____/s/_____
              Thomas C. Wright