IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
—BROWNSVILLE DIVISION—

| | | |
|---|---|---|
| THE COPYLADY, LLC. and § | | |
| PAMELA SUE GARDINER, § | | |
| Plaintiffs, § | | |
| § | | |
| VS. § | | CIVIL ACTION NO. B-04-148 |
| § | | |
| COPYLADY, INC. and § | | |
| CYNTHIA A. DUFF, § | | |
| Defendants. § | | |

**ORDER**

On March 23, 2005, Magistrate Judge John William Black entered his Report and Recommendation concerning COPYLADY, INC. and PAMELA SUE GARDINER's (hereinafter "Defendants") Motion to Dismiss for Lack of Personal and Subject Matter Jurisdiction and Improper Venue. *Docket No. 22*. Magistrate Judge Black advised this court to grant Defendants' Motion to Dismiss for Lack of Personal Jurisdiction. Two objections to this Report and Recommendation were raised by COPYLADY, INC. AND CYNTHIA A. DUFF (hereinafter "Plaintiffs"). *Docket No. 23*. After consideration of the arguments of counsel and all other documents on file, this Court hereby **ADOPTS** the Report and Recommendation, and hereby **OVERRULES** Plaintiffs' Objections. The defendants' Motion to Dismiss for Lack of Personal Jurisdiction (Docket No. 9) is hereby **GRANTED.**

**DISCUSSION**

While this court adopts the analysis and reasoning documented in the Report and Recommendation, this Court feels compelled to address Plaintiffs' two objections to that Report and

Recommendation. The first objection alleges that the defendants' website was "interactive" because its Client Resource Page, accessible through the use of a username and password, contained some interactive features which allowed customers to among other things: 1) electronically transmit copier meter readings; 2) request supplies and service; and 3) read and download such items as manuals, latest drivers, and scanner features. *Docket No. 23*. Although the defendants' website contained some potentially interactive features which were not mentioned in the Report and Recommendation, Magistrate Judge Black was correct in categorizing the website as "passive" because the username and password necessary to access these features could not be obtained from the website. *See Docket Nos. 12 & 24*. Instead, the necessary username and password could only be acquired by contacting the defendants via mail, email, phone, or via some other means not directly through the website. Furthermore, even assuming arguendo that these potentially interactive features placed Defendants' website in the middle or "interactive" tier of the analysis provided in *Mink v. AAAA Development LLC.,* 190 F.3d 333 (5th Cir. 1999), personal jurisdiction would still be improper because there is no evidence that the Defendants made any sales or sufficiently interacted with Texas residents over the internet. *See Id.* at 337.

The second objection alleges that the Magistrate Judge erred in not also considering the cumulative effect of Defendants' other contacts with Texas in conjunction with the website. *Docket No. 23*. Plaintiffs' second objection is also without merit because neither the purchases, employee training, receiving of the award, nor the single "cease and desist" letter (written by Defendants' counsel) "in any way enhanced the nature of [the defendants'] contacts with Texas." *See Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 418 (U.S. 1984).

**CONCLUSION**

For these reasons and the many reasons given in the Magistrate Judge's Report and Recommendation, Plaintiffs' objections (Docket No. 23) are **OVERRULED**, and Defendants' Motion to Dismiss for Lack of Personal and Subject Matter Jurisdiction and Improper Venue (Docket No. 9) is **GRANTED.**

Signed in Brownsville, Texas, this 16th day of June, 2005.

                                            Andrew S. Hanen
                                      United States District Judge